UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- )

Yashua Amen Shekhem El Bey,                                   )          Verified Civil Complaint
                                                             )          Civil Docket:
                              Plaintiff,                      )
                                                             )          **13 CV 8927**
v.                                                            )
                                                             )
The City of New York; Rudolph Giuliani,                       )
individually and as former Mayor and Chief                    )
Executive Officer of the City of New York; Bernard            )
Kerik, individually and as former Commissioner of             )
the Department of Correction of the City of New               )          Civil Complaint for Damages and
York (DOC); William Fraser, individually and as               )          Declaratory Relief Based On Newly
former Chief of the Department of the City of New             )          Discovered Information and Evidence
York Department of Correction (DOC); Michael                  )
Caruso, individually and as former Inspector General          )          **JURY TRIAL DEMANDED**
of the City of New York Department of Investigation           )          **HEREIN**
(DOI);                                                        )
                                                             )
                              Defendants,                     )
-------------------------------------------------------------- )

1.      COMES NOW Plaintiff, Yashua Amen Shekhem El Bey, proceeding Pro Se in this

action, complains of municipal Defendants and alleges as follows:

## STATEMENT OF THE CASE

2.      This is a civil action for equitable and ancillary relief arising out of newly discovered

information and evidence which revealed fraud, conspiracy and retaliation learned for the first

time in the Oba Hassan Wat Bey, et. al. v. The CITY OF NEW YORK, et. al. 99 Civ. 3873

(AJN) (RLE) & 01 Civ. 9406 (AJN) (RLE) case following the course of it's jury trial proceeding

that ended in a unanimous jury verdict in favor of the Plaintiffs in that case on December 18,

2012 to whom Plaintiff in this action is similarly situated, as the underlining factual

circumstances are the same and/or related with essentially the same Defendants with respect to

this action and Plaintiff's prior civil cases filed in this court and seeking the same or similar

relief, but not limited thereto.

3.    Plaintiff seeks punitive and compensatory damages against Defendants, and each of them for committing acts under color of state law, in conspiracy, retaliation and fraud thereof, which deprived Plaintiff of fundamental human rights and rights secured under the Constitution and laws of the United States of America and the New York State Constitution.

4.    Defendants intended, and for the purpose, to deprive Plaintiff's rights to equal protection under the law, rights to freedom of association, rights to due process of the law, rights to freedom of speech, and other rights and liberties, including rights pursuant to the New York State Constitution and for refusing or neglecting to prevent those deprivations and denials, causing Plaintiff damages as will be more fully specified below:

## JURISDICTIONAL STATEMENT

5.    Plaintiff's authority for this "independent action" arises from  FRCP 60 (d)(1) and (3): FRCP 60 (d)(3).

6.    This Court has jurisdiction of this action pursuant Article 3 of the U.S. Constitution and 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 1985 (3), 42 U.S.C. § 1986; 42 U.S.C. § 1981 and 42 U.S.C. § 1983; Including the 1st and 5th Amendment through the 14th Amendment U.S. Constitution. as applicable to the States, including the "equal protection" clause therein.

7.    Jurisdiction is conferred under 28 U.S.C. §§ 453, 454 and 455.

8.    Jurisdiction is proper pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201 and for further relief per 28 U.S.C. § 2202 based on a declaratory judgment, to include FRCP 57.

9.    Jurisdiction is also proper under Article 6 of the U.S. Constitution and in conjunction with the United Nations General Assembly, December 10, 1948 - Signed and Adopted by the United States of America, the United Nations Universal Declaration of Human Rights, Article 3,

6, 7, 8, 10, **15**, 17 (2), 18, 19, 20 (1), 21 (2), and 28; all applicable to Plaintiff's fundamental Human Rights.

10.    The All Writs Act, 28 U.S.C. § 1651 in aid of this Courts Jurisdiction.

11.    This Court has supplemental pendant state jurisdiction over Plaintiff's state law claims arising out of Plaintiff's timely filed Notice of Claim to the City of New York pursuant to 28 U.S.C. § 1367 with respect to newly discovered information and evidence on the record of the aforesaid Oba Hassan Wat Bey, et. al. v. The City of New York, el. al. Case (cite omitted).

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES
## PLAINTIFF

13.    Plaintiff, Yashua Amen Shekhem El Bey, (p/k/a James D. Mercer)(herein after referred to as Plaintiff) is a Moor or Moorish American.

14.    Plaintiff is a Citizen of the United States of America and Citizen of New York State.

15.    Plaintiff is a former employee of the New York City Department of Correction.

16.    Plaintiff was hired by defendant City of New York as a Corrections Officer on June 13, 1983.

17.    Plaintiff is domiciled in New York State within New York City, whose mailing address is 244 Fifth Avenue, Suite 200, New York, New York 10001.

18.    Plaintiff was and at all time relevant to this matter a tenured, permanent, competitive class civil service employee with a property interest in his employment.

19.    During Plaintiff's employment tenure, his job performance has been at least satisfactory.

## DEFENDANTS

20.    Defendant City of New York (herein after City) is a municipal corporation, local governmental unit and is chartered under the laws and constitution of the State of New York and is a recipient of federal funds.

21.    The Defendant City's address is City Hall, New York, New York 10038.

22.    Defendant City is, and at all time relevant hereto, was and/or is an "employee" within the meaning of the New York City and New York State Human Rights Laws.

23.    The Defendant City is at all time relevant hereto, a "person" within the meaning of 42 U.S.C. § 1983.

24.    Defendant Rudolph Giuliani (herein after Giuliani) was, and at all times relevant to this matter, the former Mayor of the City of New York and the Chief Executive Officer and is or was a "person" within the meaning of 42 U.S.C. § 1983

25.    Defendant Giuliani is being sued in his official and/or individual capacity. Giuliani's last known principle place of business is or was City Hall, New York, New York 10038

26.    Defendant Bernard B. Kerik (herein after Kerik) was, and at all times relevant to this matter, was the Commissioner of the City Department of Correction (DOC) and is a "person" within the meaning of 42 U.S.C. § 1983.

27.    Defendant Kerik is being sued in his official and/or individual capacity. Kerik's last known principle place of business is or was 60 Hudson Street, New York, New York 10013.

28.    Defendant William Fraser (hereinafter Fraser) was, and at all times relevant to this matter, the Chief of the Department of the City Department of Correction (DOC) and is a "person within the meaning of 42 U.S.C. § 1983. Defendant Fraser is being sued in his official

and/or individual capacity. Fraser last known principle place of business is or was 60 Hudson Street, New York, New York 10013

29.     Defendant Michael Caruso (herein after Caruso) was, at all times relevant hereto, the Inspector General of the New York City Department of Investigation ("DOI") with responsibility for the City Department of Corrections and is a "person" within the meaning of 42 U.S.C. § 1983.

30.     Defendant Caruso is being sued in his official and/or individual capacity. Caruso's last known principle place of business is or was 60 Hudson Street, New York, New York 10013.

31.     Plaintiff sues the Defendants who are natural persons in both their individual and official capacities.

32.     In doing the acts alleged in this complaint, Defendants acted as agents for and on behalf of all other Defendants named in this complaint.

## CONDITIONS PRECEDENT

33.     On February 28, 2013 Plaintiff submitted a timely Notice of Claim via United States Postal Mail to the Office of the Comptroller of the City based on new information and evidence not previously known to Plaintiff.

34.     Plaintiff learned of the new information and evidence following the course of the jury trail proceeding in the Oba Hassan Wat Bey, et. al. v. The City of New York, et. al. case 99 Civ. 3873 (AJN) (RLE) & 01 Civ. 9406 (AJN) (RLE), which concluded in a unanimous jury verdict favorable to the Plaintiffs on December 18, 2012.

35.     Plaintiff is similarly situated in all respects, as the underlining factual circumstances are the same with essentially the same Defendants.

36.    The Testimony of Terence Skinner in the Oba Hassan Wat Bey Case is what gave rise to this claim as more fully set forth herein. See annexed herein the copy of the Transcript of Terrence Skinner's testimony, dated December 10, 2012 at Exhibit A.

37.    The Honorable Alison J. Nathan, U.S. District Court Judge was the presiding Judge in the Oba Hassan Wat Bey case (cite omitted) and her final amended judgment, the initial one of which is on appeal, was issued on November 5, 2013. see annexed herein a copy of Hon. Judge Alison J. Nathan's Amended Judgment, dated November. 5, 2013 at Exhibit B.

## FACTUAL ALLEGATIONS

38.    On December 18, 2012 a unanimous jury verdict was handed down in the Oba Hassan Wat Bey, et. al. vs. The City of New York, et. al (cite omitted) case of this Court in favor of the Moorish American Plaintiffs who are or were Moorish American former Corrections Officers against the Defendant City, Caruso and Kerik for among other things, discrimination, equal protection violation and denial of due process because of Plaintiffs being a Moor or  Moorish American and for their Moorish American faith.

39.    At all time relevant hereto, Plaintiff herein is similarly situated with the Plaintiffs in the Oba Hassan Wat Bey, et. al. v. The City of New York, et. al (cite omitted) case with respect to this action and Plaintiff's prior civil actions that were filed in this court.

40.    The Plaintiff's prior civil actions related to the Oba Hassan Wat Bey case (cite omitted) are Jawan Akil Bey, et. al. v. City of New York, et. al. 98 Civ. 1353 (LAK)(HBP) (dismissed/stipulation of dismissal); Shekhem El Bey. vs. City of New York, et. al. 00 Civ. 9260 (JES) (dismissed); and Shekhem El Bey, vs. City of New York, et. al. 05 Civ. 7072 (TPG) wherein the Honorable Thomas P. Griesa granted Plaintiff's request for withdrawal without

prejudice to permit Plaintiff to re-file at a latter date. See annexed herein a copy of Hon. Thomas P. Griesa's Order dated April 19, 2006 at Exhibit C.

41.    At all time relevant hereto, Plaintiff's re-filed civil action, filed under informa pauparis on November 13, 2006 subsequently went missing at the Pro Se's Office when Plaintiff, while waiting to receive a civil docket number, the pro se office staff was unable to locate the complaint. Said complaint never received a civil complaint number.

42.    On or about August 2008, by United States postal mail, Plaintiff received from the City a Memorandum of law in opposition to plaintiff's 60 (B) Motion.

43.    At all time relevant hereto, Plaintiff never prepared, filed or submitted any 60 (B) motion to the City.

44.    At all time relevant hereto, Plaintiff discovered that Plaintiff's re-filed civil complaint that went missing at the pro se office at 500 pearl street was found under document #44 under the already closed case - Shekhem El Bey. vs. City of New York, et. al. 00 Civ. 9260 (JES) (dismissed). The documents therein is the civil complaint with the statement of relatedness letter and no 60 (B) motion present.

45.    At all time relevant hereto, document #44 is not viewable online or on the intranet system at the U.S. District Court for the Southern District of New York, but can only be viewed in Person at the Court or upon request.

46.    At all time relevant, the City through its agent or its Attorneys committed mail fraud and fraud upon the Court when it mailed to the Plaintiff an opposition motion  when Plaintiff had not submitted any motion to be opposed in which case the opposition motion filed by the City was filed on the Court record and is public record.

47.    Ms. Irene Donna Thomas (herein after Ms. Thomas), of the Thomas Plaintiff's in the Oba Hassan Wat Bey case as distinguished from Plaintiffs represented by David M. Schlachter (Schlachter Plaintiffs), deposed on direct examination a former high ranking DOC official, Terence J. Skinner (herein after Skinner) (non-party-witness), who provided uncontested testimony on December 10, 2012. See copy - Skinner's Transcript annexed herein at Exhibit A.

48.    Skinner (non-party witness) testified that he was a deputy warden, the Executive Officer to the Chief of Security.

49.    Skinner (non-party witness) testified that Defendant Fraser was his immediate superior and that Defendant Fraser was the Chief of the Department and Chief of Security.

50.    Skinner, testified that his "Responsibilities included overall security through out the entire department".

51.    In response to Ms. Thomas question "...did you have any responsibilities in connection with the gang intelligence unit?" Skinner testified "Yes. The chief of security's office oversaw the gang intelligence unit".

52.    Skinner, testified that he was in charge of the Gang Intelligence Unit for DOC.

53.    In response to Ms. Thomas question "...was the Gang Intelligence Unit ever used for a purpose other than its original intent?" In reply, Skinner testified that "One time, at some point in 1998 between August and December of 1998".

54.    In response to Ms. Thomas question "and what happen at that time?" In reply, Skinner, testified "We were instructed by the Inspector General, Mike Caruso, to have the gang intelligence unit conduct video surveillance of a protest at 60 Hudson Street".

55.    In response to Ms. Thomas question "And was there a meeting held to plan the surveillance?" In reply, Skinner, testified "Initially there was a meeting between myself, Chief

Fraser, Commissioner Kerik, and his chief of staff, John Piciano. And at that meeting we were instructed that Mike Caruso would contact us and that we should do what he needed us to do regarding our surveillance of the demonstration that was going to take place".

56.     In response to Ms. Thomas question "And what was the concern that was raised at that meeting concerning the surveillance activity?" In reply, Skinner, testified "The Commissioner indicated that the mayor had held a press conference and indicated that **these people were going to be fired for the actions that they had taken** and that this was an important issue, so we should do what was necessary to assist the Inspector General's Office in trying to gather information against this group".

57.     In response to Ms. Thomas question "And what group were you referring to, Sir?" In reply, Skinner, testified **"They were referred to as the Moors"**.

58.     Skinner, testified that "the Gang Intelligence Unit did do video surveillance of the demonstration...".

59.     Plaintiff herein was not present on the day that Skinner gave testimony and only learned of his testimony through Ntchwaidumela Bey (non-party witness) who attended most or all of the trail hearing and deliberations of the Oba Hassan Wat Bey trail proceedings, and the transcripts of the proceedings was made available and became record on the court 2 to 3 months later, on or about March or April 2013 through which Plaintiff was able to confirm the conspiracy, fraud and retaliation.

60.     At all time relevant hereto, the testimony of Mr. Terrence Skinner revealed that in 1998 Defendant Kerik held a DOC meeting in which Kerik communicated that "those people are going to be fired".

61.    At all time relevant hereto, according to Skinner's testimony, Defendant Kerik was referring to Moors within the Department of Correction and that there was a press conference held by Giuliani regarding Moors to which evidence was produced at trial by Ms. Irene Donna Thomas, Attorney for the Plaintiffs in the Oba Hassan Wat Bey case.

62.    According to Skinner's testimony, Defendant Kerik also communicated that Defendant Caruso will contact everyone who was at the DOC meeting to coordinate surveillance efforts on the Moors in regards to a planned demonstration at 60 Hudson Street.

63.    Plaintiff was not privy to such information or evidence made available to Plaintiff during Plaintiff's prior civil actions that commenced as far back as 1998 and was not aware of any covert operation targeting Moorish American Correction Officers for discharge or termination of employment that was carried out by Defendant Kerik and Caruso, as this covert operation was carried out in secret and under fraud and is a fraud upon the Court.

64.    At all time relevant hereto, Defendant Giuliani, Kerik, Caruso and Rose Luttan Rubin (non-party in this action), were named Defendants in Plaintiff's prior lawsuit in Jawan Akil Bey, et. al. v. City of New York, et. al. 98 Civ. 1353 (LAK)(HBP) that was filed February 24, 1998 approximately 6 or 7 months before the closed door meeting that was had with Defendant Kerik and Defendant Fraser, along with Picciano (non-party) and Skinner (non-party witness).

65.    At all time relevant hereto, Defendant Giuliani and Caruso were named Defendants in another prior action in which Plaintiff was not a party, however, the actions were by Moorish American Correction officers in Jawan Akil Bey, et. al. v. State of New York, et. al. 97 Civ. 9057 (LAK) that was filed December 9, 1997, approximately 7 or 8 months before the closed door meeting that was had with Defendant Kerik and Defendant Fraser, along with Picciano (non-party) and Skinner (non-party witness).

66.    At all time relevant hereto, Defendant Kerik, Fraser and Caruso actions and conduct relative to the DOC meeting held behind closed doors on or about August and December of 1998 in connection with the Giuliani Press Conference regarding the "Moors" and with the "meeting of the minds", was in part or in whole, a conspiracy for the purpose and intent of discharging Moors or Moorish Americans from DOC employment for filing civil complaints and/or submission of Moorish American documents adopting the Moorish American faith.

67.    At all time relevant hereto, the conspiracy was for the purpose of depriving Plaintiff of the equal protection of the laws because of being Moorish American and/or Moorish faith.

68.    At all time relevant hereto, the conspiracy was for the purpose of depriving Plaintiff of the equal protection of the laws because of having filed a civil action against Giuliani, Kerik and Caruso.

69.    At all time relevant hereto, Defendant Kerik did in fact discharged Plaintiff, as did the Plaintiffs in the Oba Hassan Wat Bey case assuring the statement made behind closed doors that **"these people were going to be fired for the actions that they had taken"** .

70.    At all time relevant hereto, Defendants in furtherance of their conspiracy subjected Plaintiff to a summary suspension in excess of 30 days, modified duty in an asbestos contaminated facility, an administrative tribunal that was subjected to inappropriate influence from Giuliani and Defendant Caruso, and subsequently discharged Plaintiff from employment, as were the Plaintiffs in the Oba Hassan Wat Bey case, neither of whom received any due process of law.

71.    At all time relevant hereto, all evidence provided in the Oba Hasan Wat Bey case has relevance to Plaintiff's claim in this action, as it arises out of the same and/or similar factual circumstances and is essentially with the same Defendants.