| | | demanded. (djc) (Entered: 12/20/2000) |
|---|---|---|
| 01/12/2001 | | Case accepted as similar to 1:99cv 12490. Notice of assignment to follow. (bm) (Entered: 01/12/2001) |
| 01/12/2001 | 3 | Notice of assignment to Judge John E. Sprizzo . Copy of notice and judge's rules mailed to Attorney(s) of record: Yashua Amen Shekhem'El-Bey . (bm) (Entered: 01/12/2001) |
| 02/08/2001 | 5 | SECOND AMENDED COMPLAINT by Yashua Amen Shekhem'El-Bey (Answer due 2/28/01 for Diedre L. Tompkins, for Jack W. Louden, for Luis R. Burgos Jr., for Carl DiCarlo, for William Fraser, for Michael Caruso, for Bernard Kerik, for Rudolph W. Giuliani, and for The City of New York amending [2-1] amended complaint. (kw) (Entered: 02/14/2001) |
| 02/09/2001 | 4 | ORDER; that plaintiff pro se's application to file a Second Amended Complaint shall be and is hereby granted ; that plaintiff pro se shall file his Second Amended Complaint on or before 3/16/01 at 5:00 p.m. ; plaintiff pro se shall not be granted leave to submit additional amended complaints for any reasons . ( signed by Judge John E. Sprizzo ); Copies mailed. (pl) Modified on 02/13/2001 (Entered: 02/09/2001) |
| 03/02/2001 | 6 | ORDER, that, purs to Rule 4(m) of the FRCP, pltff pro se shall serve the Second Amended Complaint on all defts by 6/11/01 ; that pltff pro se shall submit proof of such service by 6/22/01; should pltff fail to so serve defts, the Court shall dismiss the action without prejudice (signed by Judge John E. Sprizzo ); Copies mailed. (lam) (Entered: 03/28/2001) |
| 03/12/2001 | 7 | Affirmation OF SERVICE of summons and second amended complaint as to Bernard Kerik by PAA Porter on 3/12/01. Answer due on 4/2/01 for Bernard Kerik. (kw) (Entered: 03/13/2001) |
| 03/12/2001 | 7 | Affirmation OF SERVICE of summons and second amended complaint as to Diedre L. Tompkins by (refused to identify) on 3/12/01. Answer due on 4/2/01 for Diedre L. Tompkins. (kw) (Entered: 03/13/2001) |
| 03/12/2001 | 7 | Affirmation OF SERVICE of summons and second amended complaint as to Michael Caruso, William Fraser, Carl DiCarlo, Luis R. Burgos Jr., and Jack W. Louden by Co Alexander Boyton on 3/11/01. Answer due on 4/2/01 for Michael Caruso, for William for Carl DiCarlo, for Luis R. Burgos Jr., and for Jack W. (kw) (Entered: 03/13/2001) |
| 03/12/2001 | 7 | Affirmation OF SERVICE of summons and second amended complaint as to The City of New York by Shaniqua Carr Process Clerk on 3/12/01. Answer due on 4/2/01 for The City of New York. (kw) (Entered: 03/13/2001) |
| 03/12/2001 | 7 | Affirmation OF SERVICE of summons and second amended complaint as to Rudolph W. Giuliani by Shaniqua Carr Process Clerk on 3/12/01. Answer due on 4/2/01 for Rudolph W. Giuliani. (kw) (Entered: 03/13/2001) |
| 04/10/2001 | 8 | ORDER, reset answer due for 5/14/01 for City Government . ( signed by |

| | | |
|---|---|---|
| | | Judge John E. Sprizzo ); Copies mailed. (kw) Modified on 04/13/2001 (Entered: 04/13/2001) |
| 05/15/2001 | 9 | ANSWER to Complaint by The City of New York, Rudolph W. Giuliani, Bernard Kerik, William Fraser, Carl DiCarlo, Luis R. Burgos Jr., Jack W. Louden, Diedre L. Tompkins (Attorney Michael DeLarco from the Firm: Michael D. Hess); (djc) (Entered: 05/16/2001) |
| 05/16/2001 | 10 | MEMORANDUM OPINION AND ORDER #85610; for the reasons stated herein, defts' motions for summary judgment in El-Bey I, 98 cv 2745; and El-Bey II, 97 cv 4177, are granted & pltff's cross-motion for summary judgment is denied . The parties shall appear before the Court for a pre-trial conference at 3:00 PM on 6/5/01 in Courtroom 705, 40 Centre St to address pltff's 2 remaining cases before the Court . ( signed by Judge John E. Sprizzo ); Copies mailed. (sn) (Entered: 05/17/2001) |
| 05/21/2001 | | JUDGMENT, that for the reasons stated in the Court's Memorandum Opinion (85607) and Order dated 5/15/01, defts' motion for summary judgment is granted in El Bey I and El Bey II (98 cv 2745 and 97 cv 4177) and plntf's cross-motions for summary judgment is denied (signed by James M. Parkison, Clerk of Court); Mailed copies and notice of right to appeal. Entered On Docket: 5/23/01. (cd) (Entered: 05/24/2001) |
| 06/08/2001 | | ORDER; that 99cv12490 (JES) and 00cv9260 (JES) shall be consolidated for the purposes of discovery ; all discovery shall be completed on or before 10/29/01; a pre-trial conference shall occur on 11/13/01 at 3:00 p.m. in Courtroom 705, 40 Centre Street . ( signed by Judge John E. Sprizzo ); Copies mailed. Original document filed under case no. 99cv12490 (JES), document no. 16. (kkc) (Entered: 06/08/2001) |
| 12/14/2001 | 11 | ACKNOWLEDGEMENT OF SERVICE of right to sue letter as to Yashua Amen Shekhem'El-Bey by mail on 12/6/01 . . (bai) (Entered: 12/18/2001) |
| 12/14/2001 | | NOTICE of withdrawl of certain civil claims and causes of action by Yashua Amen Shekhem'El-Bey (origional filed in case 99cv12490, doc #18) . (bai) (Entered: 12/18/2001) |
| 01/04/2002 | | ORDER, the 1999 action (99 civ. 12490) shall be dismissed without prejudice, as requested by plaintiff, but, as indicated at the pre-trial conference held on 12/27/01, plaintiff is hereby precluded from bringing any future action based upon his summary suspensions from duty as a New York City correction officer ; plaintiff's request for leave to amend his complaint in the 2000 action (00 civ. 9260) shall be granted ; set amended pleadings due for 5:00 p.m. on 3/1/02 ; the reasons given at the aforementioned conference, the 2000 action shall be stayed in all respects, until 6/2/02 or until the parties inform the Court that the New York State action has been resolved in a manner that permits this Court to proceed with the exercise of its jurisdiction ; set pre-trial conference for 3:00 p.m. on 7/8/02 ; the Clerk of the Court is directed to close El-Bey v. City of New York, 99 civ. 1290 . ( signed by Judge John E. Sprizzo ); Copies mailed. (Original entry is docketed in 99 civ. 12490 as |

| | | doc. #19). (kw) (Entered: 01/07/2002) |
|---|---|---|
| 01/04/2002 | | Pretrial Conference held before Judge John E. Sprizzo. (kw) (Entered: 01/07/2002) |
| 02/20/2002 | 12 | Memo-Endorsement on letter addressed to Judge Sprizzo from Yashua Amend Shekhem'El-Bey, dated 2/9/02. granting plaintiffs request for a extension of 30 days in which to complete, serve and file the Third Amended Complaint . ( signed by Judge John E. Sprizzo ); Copies mailed. (pl) (Entered: 02/21/2002) |
| 03/06/2002 | 13 | NOTICE of address change by Yashua Amen Shekhem'El-Bey . (df) (Entered: 03/06/2002) |
| 03/29/2002 | 14 | THIRD AMENDED COMPLAINT by Yashua Amen Shekhem'El-Bey (Answer due 4/18/02 for Diedre L. Tompkins, for Jack W. Louden, for Luis R. Burgos Jr., for Carl DiCarlo, for Bernard Kerik, for Rudolph W. Giuliani, for The City of New York ) amending [1-1] complaint against Edward Kurianski, Rose Luttan Ruben. Summons issued. Jury Trial Demanded. (djc) (Entered: 04/02/2002) |
| 03/29/2002 | | (Court only) **Terminated party William Fraser, party Michael Caruso (djc) (Entered: 04/02/2002) |
| 04/03/2002 | 15 | NOTICE from Pro Se's Office, dated 03/29/02 stating that an amended summons was issuesd in the case on 03/29/02. (djc) (Entered: 04/03/2002) |
| 07/31/2002 | 16 | ORDER, Deadline for filing of City Govt's summary judgment (not to exceed 25 pages)by 9/13/02; Plntf's Response to motion (not to exceed 25 pages) deadline 10/31/02; Oral Argument set for 3:00 12/2/02,in Courtroom 705, 40 Centre St ( signed by Judge John E. Sprizzo ); Copies mailed. (cd) (Entered: 08/01/2002) |
| 09/16/2002 | 17 | NOTICE OF MOTION by The City of New York, Rudolph W. Giuliani, Bernard Kerik, Carl DiCarlo, Luis R. Burgos Jr., Jack W. Louden, Diedre L. Tompkins, Edward Kurianski, Rose Luttan Ruben for an order, purs. to Rules 12(b)(1) and 12(b)(6) of the FRCP, dismissing the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim ; Return Date not indicated. Declaration of Michael DeLarco in support attached. (sac) (Entered: 09/20/2002) |
| 09/16/2002 | 18 | MEMORANDUM OF LAW by The City of New York, Rudolph W. Giuliani, Bernard Kerik, Carl DiCarlo, Luis R. Burgos Jr., Jack W. Louden, Diedre L. Tompkins, Edward Kurianski, Rose Luttan Ruben in support of [17-1] motion for an order, purs. to Rules 12(b)(1) and 12(b)(6) of the FRCP, dismissing the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim. (sac) (Entered: 09/20/2002) |
| 10/15/2002 | 19 | ORDER, Plntf's Response to Motion (not to exceed 25 pages) reset for 12/2/02 re: [17-1] motion for an order, purs. to Rules 12(b)(1) and 12(b) |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
|------------|----|------|
|            |    | (6) the FRCP, dismissing the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim ; reset 12/2/02 argument for 3:00 1/27/03, in Courtroom 705, 40 Centre St. ( signed by Judge John E. Sprizzo ); (cd) Modified on 10/18/2002 (Entered: 10/17/2002) |
| 11/27/2002 | 20 | ORDER, Plntf's Response to Motion, not to exceed 25 pages reset for 12/16/02 re: [17-1] motion for an order, purs. to Rules 12(b)(1) and 12(b) (6) the FRCP, dismissing the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim ; Motion hearing reset for 3:00 2/10/03 for [17-1] motion for an order, purs. to Rules 12(b)(1) and 12(b)(6) of the FRCP, the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim ( signed by Judge John E. Sprizzo ); (cd) (Entered: 12/02/2002) |
| 12/05/2002 | 21 | Memo-Endorsement on letter addressed to Judge Sprizzo from Yashua Amen, dated 11/18/02. Plaintiff's Response to Motion reset for 12/16/02 re: [17-1] motion for an order, purs. to Rules 12(b)(1) and 12(b)(6) of the FRCP, dismissing the complaint on the grounds that the Court lacks subject matter jurisdiction to hear this action and that the complaint fails to state a claim ; motion to transfer case to Judge Schwartz is denied . ( signed by Judge John E. Sprizzo ); (kw) (Entered: 12/09/2002) |
| 12/18/2002 | 22 | Memo-Endorsement on letter addressed to Judge Sprizzo from Yashua Amen Shekhem'El-Bey, dated 12/11/02. Re: pro se litigant requests an extension of time until 12/30/02 to file moving papers. Application granted . ( signed by Judge John E. Sprizzo ) (db) (Entered: 12/23/2002) |
| 12/30/2002 | 23 | NOTICE OF MOTION by Yashua Amen Shekhem'El-Bey; for an order pursuant to Rule 56(a) for summary judgment ; pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim ; to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence ; w/ attch. affirmation in support; Return Date 2/10/03 at 3:00. (pl) (Entered: 01/02/2003) |
| 12/30/2002 | 24 | MEMORANDUM OF LAW by Yashua Amen Shekhem'El-Bey in support of [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence . (pl) (Entered: 01/02/2003) |
| 12/30/2002 | 25 | AFFIDAVIT of YashuaAmend Shekhem "El-Bey by Yashua Amen Shekhem'El-Bey Re: [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence . (pl) (Entered: 01/02/2003) |

| 12/30/2002 | 26 | RULE 56.1 STATEMENT filed by Yashua Amen Shekhem'El-Bey (pl) (Entered: 01/02/2003) |
|---|---|---|
| 12/30/2002 | 27 | DECLARATION of Yashua Amen Shekhem'El-Bey by Yashua Amen Shekhem'El-Bey in support Re: [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence . (pl) (Entered: 01/02/2003) |
| 01/23/2003 | 28 | ORDER; Response to Motion for 2/21/03 re: [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, for 2/21/03 re: [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, for 2/21/03 re: [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence ; that Oral Argument previously scheduled to occur on 2/10/03 shall be and hereby is adjourned until 3/24/03 at 3:00 p.m. in Courtroom 705, 40 Centre Street, at which time the Court will hear Oral Argument on both plaintiff pro se's and defendants' Motions . ( signed by Judge John E. Sprizzo ) (jco) Modified on 01/28/2003 (Entered: 01/27/2003) |
| 02/03/2003 | 29 | ORDER; that plaintiff pro se shall submit his Supplemental Memorandum of Law, not to exceed 15 pages, on or before 2/14/03; defendants shall submit their response to plaintiff pro se's motions, no to exceed 25 pages, on or before 3/14/03 ; reset oral argument for 3:00 5/5/03, in Courtroom 705, 40 Centre St.; no further changes to this Scheduling Order will be permitted absent unaimous consent of all parties in this action . ( signed by Judge John E. Sprizzo ); (pl) (Entered: 02/05/2003) |
| 02/14/2003 | 30 | SUPPLEMENTAL MEMORANDUM OF LAW by Yashua Amen Shekhem'El-Bey in support of [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence. (sb) (Entered: 02/21/2003) |
| 03/17/2003 | 31 | Memo-Endorsement on letter addressed to Judge Sprizzo from Michael E. Delarco, dated 3/13/03: Granting defendant's request for extension of time to responf to plaintiff's motions until 3/28/03, re: [23-1] motion for an order pursuant to Rule 56(a) for summary judgment, for 3/28/03 re: [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim, for 3/28/03 re: [23-3] motion to reinstate Michael Caruso as defendant and to reinstate Plaintiff's 42 U.S.C. sections 1985(3) and 1986 claims of the previous complaint based on new evidence . ( signed by Judge John E. Sprizzo ). |

| | | (tp) (Entered: 03/19/2003) |
|---|---|---|
| 03/31/2003 | 32 | REPLY MEMORANDUM by The City of New York, Rudolph W. Giuliani, Bernard Kerik, Michael Caruso, William Fraser, Carl DiCarlo, Luis R. Burgos Jr., Jack W. Louden, Diedre L. Tompkins, Edward Kurianski, Rose Luttan Ruben in support re: [23-2] motion pursuant to Rule 12(b)(6) to dismiss the motion to dismiss of the municipal defendants for failure to state a claim and in opposition to Plaintiff's Cross-Motion for Summary Judgment. (laq) (Entered: 04/01/2003) |
| 03/31/2003 | 33 | RULE 56.1 STATEMENT filed by The City of New York, Rudolph W. Giuliani, Bernard Kerik, Michael Caruso, William Fraser, Carl DiCarlo, Luis R. Burgos Jr., Jack W. Louden, Diedre L. Tompkins, Edward Kurianski, Rose Luttan Ruben (laq) (Entered: 04/01/2003) |
| 04/16/2003 | 34 | ORDER, that oral argument previouslu scheduled for Monday, 5/5/03 shall occur on Friday, 5/2/03 at 3:00 p.m. in Courtroom 705, 40 Centre Street . ( signed by Judge John E. Sprizzo ). (tp) (Entered: 04/18/2003) |
| 04/25/2003 | 35 | AFFIDAVIT of Yashua Amen Shekhem'El-Bey in support of claims of bias and prejudice. (kw) (Entered: 04/29/2003) |
| 07/03/2003 | 36 | Transcript of record of proceedings before Judge John E. Sprizzo for the date(s) of May 2, 2003. (dt) (Entered: 07/16/2003) |
| 07/18/2003 | 37 | Corrected Transcript of record of proceedings before Judge John E. Sprizzo for the date(s) of 5/2/03. (tr) (Entered: 08/14/2003) |
| 03/07/2006 | ●38 | MEMORANDUM OPINION AND ORDER #92817, Plaintiff has failed to state a claim for relief for due process or equal protection violations, disparate treatment, or First Amended retaliation, accordingly all of his federal claims must be dismissed. With no federal claims remaining, the Court declines to exercise supplemental jurisdiction over the state law claims. Defendants' motions to dismiss are granted in their entirety, and plaintiff's cross-motion for summary judgment is denied. (Signed by Judge John E. Sprizzo on 3/3/2006) (jmi, ) Modified on 3/13/2006 (jmi, ). Additional attachment(s) added on 7/11/2006 (jge, ). (Entered: 03/08/2006) |
| 03/07/2006 | ● | Transmission to Judgments and Orders Clerk. Transmitted re: 38 Memorandum & Opinion,,, to the Judgments and Orders Clerk. (jmi, ) (Entered: 03/13/2006) |
| 03/13/2006 | ●39 | CLERK'S JUDGMENT That for the reasons stated in the Court's Memorandum Opinion (92817) and Order dated March 3, 2006, defendants? motions to dismiss are granted in their entirety and plaintiff? s cross-motion for summary judgment is denied. (Signed by J. Michael McMahon, clerk on 3/13/06) (ml, ) (Entered: 03/13/2006) |
| 03/13/2006 | | (Court only) ***Civil Case Terminated.*** (ml, ) (Entered: 03/13/2006) |
| 03/14/2006 | ● | Mailed notice of Right to Appeal re: [39] Clerk's Judgment, and to Attorney(s) of Record: Michael Emanuel DeLarco, Yashua Amen Shekhem'El-Bey. (tve, ) (Entered: 03/14/2006) |

| | | |
|---|---|---|
| 04/13/2006 | ◯42 | NOTICE OF APPEAL from [39] Clerk's Judgment. Document filed by Yashua Amen Shekhem'El-Bey. Copies of Notice of Appeal mailed to Attorney(s) of Record: NYC Law Department, Office of the Corporation Counsel. (nd, ) (Entered: 09/13/2006) |
| 04/13/2006 | ◯ | Appeal Remark as to [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey, $455.00 APPEAL FILING FEE DUE. (nd, ) (Entered: 09/13/2006) |
| 04/17/2006 | ◯ | Received returned mail re: [39] Clerk's Judgment,. Mail was addressed to Yashua Amen Shekhem' El-Bey at 1045 East 219 Street, Bronx, NY 10469 and was returned for the following reason(s): Attempted - Not Known. (rdz, ) (Entered: 04/17/2006) |
| 05/01/2006 | ◯41 | MOTION for Extension of Time to File a Notice of Appeal. Document filed by Yashua Amen Shekhem'El-Bey. (jmi, ) (Entered: 09/12/2006) |
| 06/30/2006 | ◯40 | ORDER: Based on the foregoing, plaintiff pro se's motion for an extension of time to file a notice of appeal shall be and hereby is granted. (Signed by Judge John E. Sprizzo on 6/29/2006) (lb, ) (Entered: 06/30/2006) |
| 06/30/2006 | | (Court only) ***Motion(s) terminated: [41] MOTION for Extension of Time to File. filed by Yashua Amen Shekhem'El-Bey,. (jmi, ) (Entered: 09/12/2006) |
| 09/13/2006 | ◯ | Transmission of Notice of Appeal to the District Judge re: [42] Notice of Appeal. (nd, ) (Entered: 09/13/2006) |
| 09/13/2006 | ◯ | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: [42] Notice of Appeal. (nd, ) (Entered: 09/13/2006) |
| 09/14/2006 | ◯43 | Appeal Record Sent to USCA (Index). Notice that the Original index to the record on Appeal for [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey, 3 Copies of the index, Certified Clerk Certificate and Certified Docket Sheet were transmitted to the U.S. Court of Appeals. (nd, ) (Entered: 09/14/2006) |
| 09/14/2006 | ◯ | Appeal Record Sent to USCA (File). Indexed record on Appeal Files for [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey, were transmitted to the U.S. Court of Appeals. (nd, ) (Entered: 09/14/2006) |
| 11/13/2006 | ◯44 | MOTION pursuant to FRCP 60(b) - (as per direction of Judge John E. Sprizzo). Document filed by Yashua Amen Shekhem'El-Bey. (db, ) (Entered: 01/10/2007) |
| 02/15/2007 | ◯45 | NOTICE OF APPEARANCE by Carolyn Walker-Diallo on behalf of Diedre L. Tompkins, The City of New York, Rudolph W. Giuliani, Bernard Kerik, Michael Caruso, William Fraser, Carl DiCarlo, Luis R. Burgos, Jr, Jack W. Louden (Walker-Diallo, Carolyn) (Entered: 02/15/2007) |
| 04/11/2007 | ◯47 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN |

| | | |
|---|---|---|
| | | FORMA PAUPERIS. Document filed by Yashua Amen Shekhem'El-Bey.(pl) (Entered: 04/19/2007) |
| 04/18/2007 | 46 | MANDATE of USCA (Certified Copy) as to [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey USCA Case Number 06-4299-cv. Ordered that the appeal is DISMISSED. Thomas Asreen, Acting Clerk USCA. Certified: 4/12/2007. (nd) (Entered: 04/18/2007) |
| 04/18/2007 | | Transmission of USCA Mandate/Order to the District Judge re: 46 USCA Mandate. (nd) (Entered: 04/18/2007) |
| 04/26/2007 | 48 | ORDER: The Court having accepted plaintiff pro se's filing dated November 13, 2006 as a motion under Fed. R. Civ. P. 60(b), and plaintiff pro se having sent a letter to the Court having construed this letter as a motion for Recusal, and the Court having considered all matter raised, it is ordered that plaintiff shall serve these motions on defendants on or before May 21, 2007 and it is further ordered that defendants shall submit their response to both motions, not to exceed twenty five pages, on or before June 25, 2007 and it is further ordered that Oral Argument, if necessary, shall be scheduled once the Motions are fully briefed. (Signed by Judge John E. Sprizzo on 4/24/07) (js) (Entered: 04/27/2007) |
| 05/04/2007 | 49 | ORDER: plaintiff's [47] Appplication to Proceed I.F.P. is moot, and so, DENIED. (Signed by Judge John E. Sprizzo on 4/30/07) (db) (Entered: 05/07/2007) |
| 06/22/2007 | 50 | ORDER; that dft's time to submit their response to plaintiff's previously filed motion for Recusal and Motion under F.R.C.P. 60(b) not to exceed 25 pages, shall be and hereby is extended to 8/31/07. (Signed by Judge John E. Sprizzo on 6/21/07) (pl) (Entered: 06/26/2007) |
| 08/09/2007 | 51 | MANDATE of USCA REINSTATING APPEAL (Certified Copy) as to [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey USCA Case Number 06-4299-cv. IT IS HEREBY ORDERED that the motion is GRANTED; the mandate is recalled; the appeal is reinstated; the appellant shall pay fee on or before August 31, 2007, or move in Court of Appeals for in forma pauperis status, accompanied by supporting papers. Catherine O'Hagan Wolfe, Clerk USCA. Certified: 8/6/2007. (nd) (Entered: 08/09/2007) |
| 08/09/2007 | | Appeal Remark as to [42] Notice of Appeal filed by Yashua Amen Shekhem'El-Bey USCA Case Number 06-4299-cv: re: 46 USCA Mandate returned back to USCA on 8/10/2007 to the attention of D. Holmes. (nd) (Entered: 08/09/2007) |















# EXHIBIT N

**PRO SE OFFICE**



DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

Yashua Amen Shekhem'El-Bey

Plaintiff

vs.

City of New York; Rudolph Giuliani, Mayor of the City of
New York; Bernard B. Kerik, Commissioner of the New York
City Department of Correction (DOC); Michael Caruso,
Inspector General of DOC; Carl DiCarlo, Assistant
Commissioner of Trials and Litigation, DOC;

Defendant(s)

------------------------------------------------------------------------

Civil Action No.

**00 Civ. 9260 (JES)**

Verified Civil Complaint

JURY TRIAL
DEMANDED
HEREIN

**44**

## COMPLAINT

1.    COMES NOW Plaintiff, Yashua Amen Shekhem'El-Bey, proceeding In Propria

Persona Sui Juris (Pro Se) and complaining of municipal Defendants as follows:

2.    This action is being brought based on new information and exculpatory evidence

that became public record derived from discovery in case <u>Kelly, et. al. v. City of New York, et.</u>

<u>al.,</u> 01 Civ. 8906 (TPG) (currently on appeal) giving rise to a new and subsequent action in

<u>Kelly, et al. v. City of New York, et. al.</u>, 04 Civ. 1572 (TPG) in which the City had defaulted for

its failure to answer and is in statutory default in violation of Rule 55 of the Federal Rules of

Civil Procedure.

3.    Further, said information and exculpatory evidence derived from the Kelly action

s leading up to and during the

rnard B Kerik deceptive tax

publicly exposed during the

learned that Kerik did favored

rish American CO's as DOC

khem'El-Bey v. City of New

*Docketing,    (212)252-2641*

*Please docket this as a 60(b)*
*motion in 00 Civ. 9260 (JES).*
*This is at the direction of Judge*
*Spizzo.*

*Thank you,*
*Pro Se Office*

RECEIVED
NOV 13 2006
PRO SE OFFICE

4.      Kerik was convicted of a misdemeanor following a plea agreement to avoid a possible felony conviction against him on the state level, however, there is an ongoing federal level investigation based on similar facts involving illegal business practices regarding the sale of cigarettes and the disappearance of substantial funds, among other things, while he was Correction Commissioner.

5.      The newly discovered informational facts set forth herein and exculpatory evidence to be introduced during discovery fully supports Plaintiff's constitutional and state law claims in this new action and its progeny in Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES) that was dismissed. April 13, 2006 following the initial withdrawal of this instant action without prejudice by leave of this court under Shekhem'El-Bey v. City of New York, et. al. 05 Civ. 7270 (TPG) in February 19, 2006 in which to preserve this action within the statutory time frame.

6.      At all time relevant hereto, <u>Kelly, et. al. v. City of New York, et. al.</u> 04 Civ 1572 (TPG) is parallel to this instant action and to Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES), as they, among other things, are based upon the same underlying factual circumstances with respect to discrimination based on national origin and race, violation of equal protection rights, conspiracy to deny Plaintiff's said rights, fraud, abuse of process, and numerous counts of due process violations in this new action.

7.      This action seeks to vindicate Plaintiff's rights pursuant to the First and Fourteenth amendment as purview through the "due process", "equal protection" and the privilege and immunity" clause of the Fourteenth Amendment to the Unites States Constitution and 42 U.S.C. §§ 1981, 1983, 1985 (3) and 1986, to include a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      This civil action also seek monetary relief for actual, compensatory, exemplary and punitive damage pursuant to 42 U.S.C. §§ 1981, 1983, 1985 (3) and 1986.

## JURISDICTION

9.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981, 1983, 1985 (3), 1986 and 1988;

10.     Jurisdiction of this Court is also conferred under 28 U.S.C. §§ 2201 and 2202;

11.     Jurisdiction is had under the doctrine of "Respondeat Superior" with respect to the applicable statutes regarding claims wherein the City of New York is liable for damages based upon the actions of the municipal Defendants, as set forth in the instant action;

12.     The All Writs Act, 28 U.S.C. § 1651 (a) in support of this Court's jurisdiction;

13.     Pursuant to 28 U.S.C. § 453 for the Judge and/or Magistrate to uphold the United States Constitution and to administer Justice equally to all, both poor or rich, and without political favoritism to none;

14.     Pursuant to Article III and 6 of the U.S. Constitution governed under this Constitutional Republic where only Article III Judge or Justice is authorized at and by law to hear this case governed under the Supreme Law of the Land and that Article 1 or 2 Commissioners are prohibited thereby;

15.     This Court also has pendant state supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the timely filed notice of claim based on new information and exculpatory evidence;

16.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events, incidents and/or omissions with respect to new information, facts and exculpatory evidence giving rise to the claims, which occurred in this district;

## THE PARTIES

## PLAINTIFF

17.     Plaintiff, Yashua Amen Shekhem'El-Bey, herein after Plaintiff, has a principle place of address to receive mail at 244 Fifth Avenue, Suite 200, New York, N.Y. 10001.

## DEFENDANTS

18.    Defendant City of New York, herein after City, is a municipal Corporation local governmental unit chartered by the State of New York and it is a recipient of federal funds. The City operates the Department of Correction, the Department of Investigations and the Office of Administrative Trials and Hearings, herein after DOC, DOI and OATH, respectively, for whom all the individual municipal Defendants were working when they engaged in the colorable acts as a custom, policy and practice, which have precipitated this action. The City has a principal place of address at the Corporation Counsel of the City of New York, Law Department, 100 Church Street, 4th Floor, New York, N.Y. 10007.

19.    Defendant Rudolph Giuliani, herein after Giuliani, at all time relevant hereto, is or was the Mayor of the City and is or was the Chief Executive Magistrate of the City and is being sued in his official and/or individual capacity.  Giuliani's last known principle place of business is Giuliani Partners LLC, 5 Time Square, New York, N.Y. 10036.

20.    Defendant Bernard Kerik, herein after Kerik, at all time relevant hereto, is or was the Commissioner of DOC and is being sued in his official and/or individual capacity. Kerik's last known principle place of business is or was 60 Hudson Street, New York, N.Y. 10013.

21.    Defendant Michael Caruso, herein after Caruso, was at all time relevant hereto a municipal employee of the City and worked within DOI as the Inspector General for DOC. Caruso is being sued in his official and/or individual capacity. Caruso's last known place of business is or was 60 Hudson Street, New York, N.Y. 10013.

22.    Defendant Carl DiCarlo, herein after DiCarlo, at all time relevant hereto, is or was the Assistant Commissioner for Trials and Litigation of DOC and is being sued in his official and/or individual capacity. DiCarlo's last known place of business is or was 60 Hudson Street, New York, N.Y. 10013.

**Preliminary Facts**

**Conditions Precedent**

23.    This action is commenced within the three (3) year statute of limitation from December 2003 with respect to new information and exculpatory evidence brought out during discovery in <u>Kelly, et. al. v. City of New York, et. al.</u>, 01 Civ. 8906, culminating in another Kelly action in <u>Kelly, et. al. v. City of New York, et. al.</u>, 04 Civ. 1572 in which Defendant City is in statutory default in violation of Rule 55 of the Federal Rules of Civil Procedure for its failure to answer as required by Rule 7 (a) and 12 (a) (1) (A) of the Federal Rules of Civil Procedure.

24.    That additional facts and exculpatory evidence was made known arising from the Kelly action above and the subsequent media exposure leading up to and occurring on or about December 2004 through on or about January 2005 regarding the infamous Bernard B. Kerik's tax scandal and illegal money schemes with the mob, both in print and televised media revealing information that was not previously known to Plaintiff as Defendants did not disclose said information with respect to <u>Shekhem'El-Bey v. City of New York, et. al.</u> 00 Civ. 9260 (JES), which involved discrimination based on national origin, race and color, among other things

25.    This instant action was originally filed on August 17, 2005 as Shekhem'El-Bey v. City of New York, et. al. 05 Civ. 7270 (TPG) and amended August 31, 2005 and then voluntarily withdrawn without prejudice by leave of the Court on February 19,  2006 by letter of request from Plaintiff dated November 21, 2005 reserving the right to refile at a later date with the statutory time frame, all of which occurred prior to the dismissal of Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES) on March 13, 2006 and in which case the matter is preserved due to the discovery of fraud, among other things.

26.    Plaintiff's Notice of Claim, dated February 12, 2005 served upon the City has been received by the City of New York on February 15, 2005 and subsequent Letter of Acknowledgment dated March 10, 2005 from the City was received by Plaintiff. The City has not acted to resolve or settle the matter within or after the 30-day statutory time frame.

## FACTS

27.     Plaintiff is a natural living breathing human being, is over the age of eighteen, and is a citizen of the United States of America and citizen of New York State by birth, and is properly identified by attribute and title and/or appellation in the above-entitled caption as Yashua Amen Shekhem'El-Bey.

28.     Plaintiff is not a corporation nor officer of a corporation nor corporate entity nor trust nor artificial person nor ward of the State or legal fiction and a check with the Department of State of the State of New York by letter dated July 30, 2004 indicated that Plaintiff is not a corporation nor a corporation identified as YASHUA AMEN SHEKHEM'EL-BEY.

29.     At all time relevant hereto, Plaintiff held a competitive class civil service position, as a New York City Correction Officer for the City of New York with shield # 6103, herein after City.

30.     Plaintiff possessed a property interest in his employment as a tenured New York City Correction Officer with civil service status and was appointed on or about June 13, 1983.

31.     Plaintiff is a United States Army Veteran, who was on leave of absence from DOC to serve in the United States Army for three years from February 1985 through February 1988 and was honorably discharged, which is or was on record with DOC.

32.     At all time relevant hereto, Plaintiff's Nationality is Moorish American and National origin is Moor.

33.     At all time relevant hereto, Plaintiff was formerly a member of the Moorish Science Temple of America, Temple 82.

34.     On or about December of 1993, Plaintiff submitted to DOC through the United States mail an improvised non-government, letter styled document entitled "certificate of exemption from withholding in lieu of form W-4" with other accompanying documents in which Plaintiff claimed to not have a tax liability or non-tax liability status or exempt based on what

Plaintiff believed or known to believed to be sound information, which appeared under Plaintiff's former name, as James Mercer.

35.    At all time relevant hereto, Plaintiff became aware of a concurrent case identified as <u>Kelly, et. al. v. City of New York, et. al.</u>, 04 Civ. 1572 (TPG) with respect to <u>Shekhem'El-Bey v. City of New York, et. al.</u>, 00 Civ. 9260 (JES), involving other former Moorish American DOC employees in which, among other things, the underlying factual circumstances are the same as Plaintiff's instant action and with the same essential parties.

36.    Based on new information and exculpatory evidence that is part of the public record derived from discovery in the Kelly case, 01 Civ. 8906 (TPG) giving rise to a subsequent action in Kelly, et. al. v. City of New York, et. al. 04 Civ. 1572 (TPG) USDC/SDNY; on or about April 10, 1996, the DOI under the direction of Caruso, began an investigation called "99 exemption" to investigate all employees of DOC who had claimed between 40 or more exemptions on their federal and state tax forms submitted to the DOC.

37.    Based on new information and exculpatory evidence derived from discovery in the Kelly case, 01 Civ. 8906 (TPG), which gave rise to the subsequent Kelly action in Kelly, et. al. vs. City of New York, et. al. 1572 (TPG)/USDC-SDNY that is in default by the City and is part of the public record, herein after "At all time relevant hereto", during the investigation, the DOI and the DOC did not advise Plaintiff that neither he nor the other Moorish American DOC employees was under investigation.

38.    At all time relevant hereto, on or about July 12, 1996, Caruso received and read a memorandum from the New York City Police Department, herein after NYPD, claiming, among other things, that an individual involved in a "car stop" was a member of that group known as "The Great Seal Association of Moorish Affairs" and that members of that group had been previously arrested and were suspected of armed robberies and trafficking in high-powered automatic weapons.

39.     At all time relevant hereto, the NYPD memorandum did not identify the individual involved in the "car stop" as a DOC employee nor did it specify the location of "The Great Seal Association of Moorish Affairs" nor did it specifically identified or referred to the "Great Seal National Association of Moorish Affairs".

40.     Plaintiff's only connection to the NYPD memorandum was Plaintiff being a Moor based on his National Origin and his Nationality as Moorish American, all identified through his name as a "Bey" and/or "El".

41.     At all time relevant hereto, during the "99 exemption" investigation, Caruso and/or employees under his supervision, compiled a list of DOC employees as of November 14, 1997 who he/they identified as Moorish Americans and/or Moor.

42.     At all time relevant hereto, during the "99 exemption" investigation, Caruso and the DOI determined that there were between 900 to 1,000 DOC employees who had filed tax documents with the DOC claiming 99 exemptions and approximately 184 DOC employees who filed tax documents with the DOC claiming that they were tax exempt.

43.     At all time relevant hereto, on or about December 3, 1997, Caruso determined that only approximately 21 DOC employees, who were not arrested for submission of allege false tax information should be summarily suspended.

44.     At all time relevant hereto, on or about December 3, 1997, Caruso summarily suspended approximately 20 DOC employees. All were Moorish Americans. One DOC employee, Michael Flynn, was identified by Caruso to be Moorish American because his name appeared on a petition signed by other Moorish Americans. Caruso also summarily suspended Mr. Flynn. Each individual was merely informed that the reason for the summary suspension was because they had supplied the DOC with tax forms containing false information.

45.     Prior to the suspension of the 20 Moorish American DOC employees, Plaintiff was medically discharged on or about August of 1997 from DOC without a hearing or

opportunity to be heard and all pending charges with respect to sick leave for which Plaintiff was medically discharged had been legally expunged, as Plaintiff was not employed by DOC at that time

46.     At all time relevant hereto, before the 21 Moorish American DOC employees summary suspension and before Plaintiff's medical discharged from DOC, Plaintiff was not afforded fair notice or interviewed by the City's DOI nor any other manner given an opportunity to be heard regarding Plaintiff's charges related to filing tax related documents in December 1993.

47.     At all time relevant hereto, on or about January 3, 1998, Defendant Michael Caruso assigned the 20 Moorish American DOC employees to a modified duty assignment in a segregated asbestos contaminated facility known as the Brooklyn Correctional Facility (BCF) with no inmate contact and limited contact with DOC employees among other changes in their terms and conditions of employment.

48.     At all time relevant hereto, among the DOC employees who were not arrested for submission of allege false tax information, such as Jeanette Pinnero, John Sheridan, John Piccione, etc, only those DOC employees identified as Moorish American, were placed on modified duty assignment for submission of alleged false tax information between April 10, 1996 and December 1998 to include Plaintiff who was subjected to the same treatment following his reinstatement back to DOC on June 14, 1999 from his medical discharge.

49.     That Plaintiff, after having been discharged for almost two years, and on the day of the June 14, 1999 reinstatement, Plaintiff was first summary suspended based on filing alleged false tax document in December of 1993 and remained suspended for more than 30 days and subsequently placed on modified duty assignment at BCF, as were those other DOC employees who were identified as Moorish Americans.

50.     At all time relevant hereto, neither Plaintiff nor the other Moorish American DOC employees were not interviewed or otherwise given an opportunity to be heard by Defendant Caruso during or after his investigation.

51.     At all time relevant hereto, on or about March 5, 1998, Caruso issued an identical memorandum of complaint for each Moorish American DOC employees, including Plaintiff except that Plaintiff received his memorandum of complaint following his request for reinstatement from his medical discharge and prior to his actual reinstatement date of June 14, 1999; the only difference being the date of the alleged misconduct, stating that the Moorish American DOC employees on certain dates allegedly "did submit false instrument(s) concerning Federal/State tax information to the Department of Correction and did also supply false tax information to the Department of Correction. In so doing officer [allegedly] did engage in conduct unbecoming an officer/member of the Department in that he did thereby violate Federal/State law/statute/code /regulation." For Plaintiff the allege date is December 3, 1993.

52.     At all time relevant hereto, among those DOC employees who were known at the time to not have been arrested for submission of alleged false tax information, Defendant Caruso recommended for termination.

53.     At all time relevant hereto, Defendant Caruso did not recommend termination for Jeanette Pinnero, John Sheridan, John Piccione, and other whites who also submitted allege false tax documents, except only those DOC employees identified as Moorish Americans, including Plaintiff, between April 10, 1996, December 1998 and April of 2000.

54.     No one from DOI spoke to or interviewed Plaintiff prior to or after the issuance of the memorandum of complaint, and at all time relevant hereto, neither were the other Moorish American DOC employees spoken to or interviewed prior to or after the issuance of Defendants Caruso's memorandum of complaint, as to them.

55.    At all time relevant hereto, on or about April 16, 1998, the Moorish American DOC employees received a document, charges and specifications, as it was for Plaintiff herein, alleging that "he/they had engaged in conduct unbecoming an officer by submitting tax forms to the DOC claiming code "99" or "exempt" and that he/they had acted with an intent to defraud the government".

56.    During this time, Plaintiff was already medically discharged from the service and was not employed by the City with DOC.

57.    It was only when Plaintiff made an application for reinstatement from his medical discharge, is when DOC mailed charges and specification to Plaintiff towards the beginning of 1999, yet dated as far back as June of 1998.

58.    Said charges and specification, as to Plaintiff, as it was for the other Moorish American DOC employees, stated "he/she had submitted to the DOC "written instruments, documents, statements, forms and attachments thereto, wherein [s]/he disclaims United States Citizenship and wherein [s]/he adopts or espouses statements which violate/disclaim his/her oath of office to support the Constitution of the United States and the Constitution of the State of New York and thereby the laws there under."

59.    At all time relevant hereto, the charges and specifications were drafted by DiCarlo and served by and/or on behalf of Caruso and Kerik via the U.S. Mail, as Plaintiff was already medically discharged and not employed with DOC at the time.

60.    At all time relevant hereto, among those DOC employees who were not arrested for submission of allege false tax information, between April 10, 1996 and June 1999, Defendant Caruso through DiCarlo issued charges and specifications for submission of alleged false tax documents only to those DOC employees identified as Moorish American, including Plaintiff.

61.    Before issuing the charges and specifications asserting criminal charge violations, Defendant DiCarlo, Caruso and Kerik nor anyone from the City's DOC or DOI spoke to or

otherwise interviewed Plaintiff, who was medically discharge from the Service and not employed with DOC.

62.    Similarly, before issuing the charges and specifications against Plaintiff, no one from the City conducted an independent investigation into the circumstances involving Defendant Caruso's selection of the Moorish American DOC employees for recommendation for termination.

63.    Plaintiff became aware that he was being discipline and/or brought up on charges because of documents he filed in December of 1993 claiming to have no tax liability and because Plaintiff was accused of violating his oath of office, as well as for filing numerous federal law suit against the City, to include one case regarding taxes in 1998 in case Bey, et. al. v. City of New York, et. al. 98 Civ. 4866 (RPP),  which included the Moorish American DOC employees, some of whom are named Plaintiff in the Kelly action, Kelly, et. al. v. City of New York, et. al. 01 Civ. 8906 (TPG) and  Kelly, et. al. v. City of New York, et. al.  04 Civ 1572 (TPG)

64.    Defendants Caruso, DiCarolo and Kerik used the crimes exception clause of section 75 (4) CSL regarding the charge of filing false tax documents in December 1993 to reinstate sick leave charges that otherwise would not have been brought forward upon Plaintiff's reinstatement from a medical discharge, wherein Plaintiff would enjoy a fresh start with DOC.

65.    On or about November 3, 1999 and February 8, 2000, during an administrative hearing before OATH, Plaintiff requested an opportunity to examine "his accusers", including Caruso, DiCarlo, Kerik and Giuliani.

66.    At all time relevant hereto, the OATH Administrative Law Judge ("ALJ"), Diedra L.Tompkins (non-party herein) refused to permit Plaintiff to examine these individuals.

67.    During the OATH administrative hearings, Plaintiff repeatedly asked for an explanation of the charges against him wherein the ALJ Tompkins refused to permit such explanation.

68.    At all time relevant hereto, a similar event previously occurred with the other Moorish American DOC employees under ALJ Rosemarie Maldonado (non-party herein), who refused to permit the Moorish American DOC employees request for an explanation of the charges against them, as mentioned in the Kelly case, <u>Kelly, et. al. v. City of New York, et. al.</u>, 01 Civ. 8906 (TPG).

69.    On or about March 2000, ALJ Tompkins issued her Report and Recommendation" rendering a "Giuliani" directed finding of guilty of all specific charges and specifications lodged against Plaintiff to include previously expunged sick leave charges that were reinstated following Plaintiffs reinstatement from a medical discharge, except the charge of submitting documents to the DOC wherein he was alleged to have adopted or espoused statements which violated/disclaimed his oath of office to support the Constitution of the United States and the Constitution of the State of New York and thereby the laws there under" and thus, Plaintiff was determined "not guilty" of violating his oath of office.

70.    Kerik, as Commissioner of the DOC adopted the ALJ's recommendation of termination on April 27, 2000.

71.    At all time relevant hereto, Kerik did not conduct an independent investigation into the circumstances underlying ALJ Tompkins's recommendation for termination, instead, his decision merely reflected the public statement made by Giuliani to reporters with respect to the tax issue that "the suspended employees would almost certainly lose their jobs after disciplinary proceedings against them were completed." as reported in the December 12, 1997 Chief Leader, civil service weekly news paper.

72.    At all time relevant hereto, Defendant Giuliani's public statement made to the media had a substantial influential and prejudicial effect and impact on both Kerick's decision to terminate Plaintiff and the ALJ Tompkins's adverse OATH decision against Plaintiff.

73.    At all time relevant hereto, the outcome of the OATH proceedings were predetermined against Plaintiff, as with the other Moorish American DOC employees arising

from Giuliani's public statement and because of being associated with the Moorish Nation by virtue of Plaintiff's Nationality and national origin as reflected in Plaintiff's name as a Bey and/or El.

74.      During the course of the these aforementioned events, Plaintiff initiated a number of federal law suits protesting first, Plaintiff's sick leave condition and subsequent medical discharge in <u>Shekhem'El-Bey v. City of New York, et. al.</u> 97 Civ. 4177 (JES) and 98 Civ. 2745 (JES), respectively, then Plaintiff's summary suspension from duty on June 14, 1999, which was regarding the first day of Plaintiff's reinstatement from his medical discharge wherein Plaintiff was suppose to be reinstated to full duty in case 99 Civ. 12490 (JES)(MHD), the bias and non-impartial conduct of the Giuliani directed OATH proceedings and its subsequent amendments up to the Third Amended complaint and the eventual discharges of Plaintiff in the employ of DOC in case 00 Civ. 9260 (JES) with a then concurrent Article 78 Proceeding that unbeknownst to Plaintiff at that time was conducted under fraud, as Plaintiff was not afforded full disclosure wherein Plaintiff was challenging the OATH proceeding.

75.      At all time relevant hereto, Plaintiff's claims in the instant action, among other things, four (4) counts of denial of due process of law, denial of equal protection of the law, abuse of process, selective enforcement and selective prosecution, defamation of character libel and slander, conspiracy, intentional and negligent infliction of emotional distress, discrimination based on national origin and race as a Moor and Moorish American, retaliation for having filed previous lawsuits in 1997, 1998 and 1999, fraud and First Amendment violations with respect to freedom of association.

76.      At all time relevant hereto, Plaintiff discovered a DOC teletype of his name and shield number # 6103 wherein it was written on said teletype "I.D. as a Bey because he is on the law suit".

77.      At all time relevant hereto, Plaintiff discovered a DOC pedigree sheet of officers with their photo's in uniform and where Plaintiff was also shown. On the pedigree sheet under

Plaintiff's photo was listed "intelligence information that Plaintiff is a Moorish Nation member and considered armed".

78.    At all time relevant hereto, Plaintiff was not able to obtain the new information and exculpatory evidence to show proof of Plaintiff's claims in Shekhem'El-Bey v. City of New York, et .al., 00 Civ. 9260 (JES) due to Defendants not disclosing such information during the discovery phase with respect to Plaintiff's submission of request for production of documents and interrogatory request, including dilatory tactics used to stay Plaintiff's said federal case to permit an article 78 case to move forward and then used as Rooker-Feldman tactic to stop Plaintiff's said federal case in Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES).

79.    However, in a parallel similarly situated case that is based on the same underlying factual circumstances in Kelly, et. al. v. City of New York, et. al., 01 Civ. 8906 (TPG), almost a year after its discovery, on or about December 2004, Plaintiff was able to obtain new information and exculpatory evidence that was otherwise withheld and/or not made available to Plaintiff and which substantiates Plaintiff various Constitutional and State law claims in this actions and its progeny in Shekhem'El-Bey v. City of New York, et .al., 00 Civ. 9260 (JES), in which the court would not permit or entertain any further discovery.

80.    In the Kelly case, 01 Civ. 8906 (TPG), in spite of discovery, Defendants City, Caruso and Kerik moved for summary judgment that was granted by this Court.

81.    The Defendants filing papers, in support of the Defendants Motion for summary judgment, Caruso submitted a declaration under penalty of perjury dated December 10, 2003. In that declaration filed in the court, Plaintiff learned for the first time that Caruso and the DOC placed Plaintiff, as with the other Moorish American DOC employees in that case on the same type of modified assignment based on intelligence information provided by the City's NYPD regarding potential security concerns associated with individuals who were affiliated with the Moorish-National group. Defendants concealed the true nature of the charges and their concerted actions against Plaintiff, as with the other Moorish American DOC employees.

82.     At all time relevant hereto, for the first time, Plaintiff learned that Caruso selected him and other Moorish American DOC employees for summary suspension, modified duty assignment and recommended Plaintiff's termination for allegedly submitting documents to the DOC claiming that he/they were not subject to arrest, that he/they were not subject to the jurisdiction of the United States and the State of New York and that he/they were renouncing their United states Citizenship. Defendants concealed the true nature of the charges against Plaintiff and other Moorish American DOC employees and that Defendant did not disclose the true nature of the charges at OATH.

83.     Before Plaintiff and the other Moorish American DOC employee's summary suspension, modified duty assignment and Caruso's recommendation for charges and specifications, Plaintiff, as with the previous Moorish American DOC employees, had not been given adequate notice of the charges against him, an explanation of the charges against him, and an opportunity to be heard on the charges against him before or during the OATH proceedings, even when said request was made as to the nature of the charges against him by Plaintiff's Bill of Particulars.

84.     After Plaintiff's summary suspension, modified duty assignment and Caruso's recommendation for charges and specifications, Plaintiff as with the previous Moorish American DOC employees, have not been given adequate notice of the reasons for Caruso's actions against him, an explanation of Caruso's conduct and an opportunity to be heard before these actions.

85.     At all time relevant hereto, Defendant Caruso committed fraud against Plaintiff by concealing the true nature of the charges against Plaintiff.

86.     At all time relevant hereto, the OATH proceedings deprived Plaintiff of due process of law, as it was subjected to inappropriate influences by Giuliani arising from his public statement and by Caruso in his misapplication of OATH in concealing the true nature of the charges against Plaintiff and the other Moorish American DOC employees.

87.    Defendants Giuliani, Kerik and Caruso selectively utilized OATH against Moorish Americans in which to facilitate Plaintiff and other Moorish American former CO's removal from employment, wherein OATH's impartiality was grossly compromised.

88.    In doing the acts described above, and in doing other acts not yet known, the Defendants violated Plaintiff's constitutional and statutory rights to freedom of association, the right to be free from discrimination based on national origin and race, and the right to due process of law and equal protection of the law before deprivation of a property interest in Plaintiff's employment, including abuse of process, defamation of character with respect to Libel and Slander, fraud and retaliation for having filed numerous lawsuits in the past against the City.

89.    At all time relevant hereto, as a custom, policy and practice, Caruso intentionally mislead and materially misrepresented the charges against Plaintiff by not disclosing the true nature of the charges to Plaintiff and by not affording Plaintiff the opportunity to address the true nature of the charges defrauding Plaintiff from obtaining due process of law.

90.    At all time relevant hereto, Mildred Lambert who was identified as a Moor has openly denounced her Moorish American nationality at OATH, stating "I dropped it like a hot potato because Giuliani called it a cult". Ms. Lambert kept her job and did not face termination from employment. Additionally, Giuliani's public statement that Moors or Moorish American is a cult is recorded in the public media and is an outright racist remark against Moorish Americans, which is a functional equivalent to "Anti Semitism".

91.    Plaintiff and the other Moorish American DOC employees who did not denounced their Moorish Nationality like Ms. Lambert did face the wrath of termination from employment with DOC and were terminated from employment, as was Plaintiff herein.

92.    At all time relevant hereto, as reported in the National media that there were other DOC employees who were not Moorish American who had engaged in the same or substantially similar conduct of submitting tax forms containing allege false tax information claiming more

than their household or 99 or exempt, and were not charged or sent through an administrative OATH proceeding as Plaintiff and the other Moorish American DOC employees.

93.    At all time relevant hereto, from 1991 through 1995 there were 1200 DOC employees who filed 99 or exempt, and that DOC employees continued to file 99 or exempt in 2000 who are white and were not brought up on charges.

94.    In the wake of the Bernard Kerik deceptive tax scandal wherein Kerik was considered for heading the Nations Department of Homeland Security, it was discovered for the first time through news media exposure that there were a number of other individuals, including Kerik himself who made false claims on their taxes, which includes DOC employee CO Jeanette Pinnero, Kerik's mistress who is a white female, Captain John Picciano, kerik's Chief of Staff at the time whose is a white male, CO John Sheridan, white male and other white CO's and High Ranking Correction officials who were subordinate to Kerik who filed false tax forms claiming more than their household or 99 or exempt and were not charged nor were they subjected to an administrative proceeding at OATH while Kerik was DOC commissioner.

95.    That Kerik was subsequently convicted of misdemeanor charges on or about July of 2006 in a plea agreement to avoid a possible felony conviction in connection with the mob during the time he was Correction Commissioner and clearly indicates the corrupt character of this Defendant who along with Caruso and Giuliani targeted Moorish Americans for termination from city employment and that Kerik failed to report his taxes in connection with his Nany and money's he received from the mob, which became the reason he could not qualify for the position of Home Land Security.

96.    At all time relevant hereto, Kerik under the Giuliani administration, knew or should have reasonably known of white CO's and high ranking Correction officials who were engaged in the same or substantially similar acts and were not charged nor discipline as Plaintiff and the other Moorish American DOC employees, while Kerik was DOC commissioner.

97.    At all time relevant hereto, as a custom, policy and practice Defendants actions described herein demonstrated how OATH was easily manipulated, controlled and used as a rubber stamp instrument in which to facilitate the removal from employment Moorish American DOC employees by rendering rubber stamped Giuliani directed decisions to accommodate Kerik's decision to terminate Plaintiff's employment, as with the other Moorish American DOC employees, which followed in line with what Giuliani publicly stated as to what will happen after a disciplinary proceeding was completed, which undoubtedly set in motion the aforementioned fraud that was perpetuated on Plaintiff and the other Moorish American DOC employees.

98.    At all time relevant hereto, as a custom, policy and practice Caruso, in a concerted activity together and individually with Kerik and DiCarlo committed fraud against Plaintiff by concealing the true nature of the charges against Plaintiff, as Defendants has done with the other Moorish American DOC employees mentioned in the Kelly case, Kelly, et. al. v. City of New York, et. al., 04 Civ. 1572 (TPG) and has subjected Plaintiff to an OATH proceeding under false pretense and under fraud, as the true nature of the charges were concealed from Plaintiff and subsequently utilized as a smoke screen to reinstate expunged sick leave charges and at no time was any of the new information or exculpatory evidence produced at the OATH proceedings.

99.    Defendants, and each of them, which include Kerik, Caruso and DiCarlo in a concerted activity and in cooperation together, as a custom, policy and practice conspired to deny Plaintiff, as with the other Moorish American DOC employees, of the right to equal protection of the law and due process of the law by engaging in a fraudulent mock kangaroo style proceeding concealing the true nature of the charges against Plaintiff, and by protecting white DOC employees who were not Moorish American from being subjected to the same OATH proceedings and subsequent termination from employment.

100.    At all time relevant hereto, Defendants, and each of them, in a concerted activity and in cooperation together and/or individually, as a policy, custom and practice, and by concealing the true nature of the charges against Plaintiff, denied to Plaintiff the same rights for

the security of persons and property as enjoyed by white citizens, such as C.O. Jeanette Pinero, CO John Sheridan, Captain John Picciano and other white citizens in DOC who committed the same or substantially similar acts as alleged to Plaintiff and the other Moorish American DOC employees by not subjecting other white DOC employees to charges and specifications containing criminal charges under the guise of misconduct, modified duty assignment, summary suspension, OATH proceedings and termination from employment.

101.    At all time relevant hereto, as a custom, policy and practice OATH was utilized and applied to Plaintiff and the other Moorish American DOC employees in an unconstitutional manner by Giuliani, Kerik and Caruso, all acting in concert together and in cooperation in concealing the true nature of the charges as against Plaintiff and then subjecting Plaintiff, as with the other Moorish American DOC employees, to the OATH proceedings that was influenced by Giuliani with respect to his aforementioned 1997 public statement.

102.    At all time relevant hereto, Giuliani abused his power and office as Mayor of the City and violated Plaintiff's right to due process of law at OATH, as with the other Moorish American DOC employees, based on his public statement, which directed the ALJ's decision to be a mere rubber stamp to accommodate the agencies action to terminate Moorish American DOC employees. This violates Section 1046 of Chapter 45 of the New York City Charter, which provides that "at the hearings, the parties shall be afforded due process of law." which Plaintiff did not receive in light of the new information and exculpatory evidence.

103.    At all time relevant hereto, Plaintiff was neither indicted nor convicted for the allege crime stated in the charges wherein the Defendants intentionally and willfully concealed the true nature of the charges against Plaintiff.

104.    At no time did the State or Federal IRS allege any tax related charges against Plaintiff regarding Plaintiff's submission of forms in December of 1993.

105.    At all time relevant hereto, as a custom, policy and practice Defendant Caruso, DiCarlo and Kerik, and each of them in a concerted activity illegally perverted the legal system

and/or process against Plaintiff, as with the other Moorish American DOC employees, by concealing the true nature of the charges against Plaintiff, and by summary suspending, placing on modified duty assignment in an asbestos contaminated facility, directing OATH to make adverse decisions and ultimately termination of Plaintiff's employment, all the while protecting other DOC employees who are white or those not deemed Moorish Americans from the same fate that befell Plaintiff and the other Moorish American DOC employees as mentioned herein.

106.    At all time relevant hereto, the Defendants, and each of them, in a concerted activity, had an ulterior motive or purpose exercising said perverted use of the legal system motivated by an invidious discriminatory animus against Plaintiff, as a Moor and/or Moorish American and other Moorish American DOC employees as mentioned herein.

107.    At all time relevant hereto, by Defendants concealing the true nature of the charges against Plaintiff, as with the other Moorish American DOC employees, and by Defendants ulterior motive or purpose motivated by an invidious discriminatory animus against Moorish Americans exercising such perverted use of the legal system, Plaintiff suffered damages as a direct and approximate result, which includes termination from employment, as was the case with the other Moorish American DOC employees.

108.    At all time relevant hereto, the Defendants, and each of them, as a custom, policy and practice have an invidious discriminatory animus against Moors and/or Moorish Americans and the Defendants acts were performed intentionally and negligently with reckless disregard and depraved indifference to the rights of the Plaintiff, as with the other Moorish American DOC employees.

109.    At all time relevant hereto, the Defendants knew or should have reasonably known that their concerted acts described above, would foreseeably cause Plaintiff a damage and severe emotional injury and emotional distress, and that Defendants having power to prevent or aid in preventing the commission of same, neglected and refused so to do.

110.    At all time relevant hereto, the Defendants colorable conduct shocks the conscience and was outrageous, indecent, atrocious, odious, uncivilized and intolerable.

111.    At all time relevant hereto, Plaintiff suffered loss of income, loss of enjoyment of life, embarrassment, loss of reputation, humiliation, mental anguish, anxiety, depression, emotional injury, poor health, severe emotional distress as a direct and approximate result of Defendants conduct, described above.

112.    Plaintiff's discovery in a previous case in Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES) had been closed and no evidence permitted on the record due to the application of the Rooker-Fieldman Doctrine by the court back in 2000 baring any evidence to appear on the record in said case.

113.    Based upon the discovery of fraud and the withholding of facts and exculpatory evidence together with new information, and following a Notice of Claim, this initial action was originally filed on August 17, 2005 in case Shekhem'El-Bey v. City of New York, et. al. 05 Civ. 7270 (TPG) and amended August 31, 2005 and then voluntarily withdrawn without prejudice by leave of the Court on February 19,  2006 by letter of request from Plaintiff dated November 21, 2005 reserving the right to refile at a later date, all of which occurred prior to the dismissal of Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES) on March 13, 2006 showing that said case was dismissed almost a month after Plaintiff withdrew the instant action without prejudice to be refiled at a later date.

114.    Plaintiff demands a jury trial on all issues of facts to be tried by a jury.

<u>FIRST CAUSE OF ACTION</u>

(Fourteenth Amendment - Count 1 of Due Process of Law – 42 U.S.C. § 1983)

115.    Plaintiff repeat and reallege paragraph 1 through 114 above with the same force and effect as if set forth herein.

116.    By discharging Plaintiff without assuring that he had adequate notice and an opportunity to be heard before his summary suspension following his reinstatement from a

medical discharge, subsequent modified duty assignment and Caruso's recommendation for termination, thus willfully concealing the true nature of the charges against Plaintiff, Defendant Kerik violated Plaintiff's right to due process of law before deprivation of a property interest in his employment in violation of the Due Process clause of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983 to which Plaintiff is entitled to substantial monetary award and other relief.

## SECOND CAUSE OF ACTION

### (Fourteenth Amendment - Count 2 of Due Process of Law – 42 U.S.C. § 1983)

117.     Plaintiff repeat and reallege paragraph 1 through 116 above with the same force and effect as if set forth herein.

118.     By intentionally and willfully concealing the true nature of the charges against Plaintiff and by subjecting Plaintiff to a City administrative proceeding known as OATH that was subjected to inappropriate influences arising out of the 1997 Public statement of Giuliani that "these employees most certainly will lose their jobs after a disciplinary proceeding against them has been completed", and Caruso's selective use of OATH, together with the City's financial gain and interest in terminating tenured civil service employees, rendering OATH as nothing more than a rubber stamp for Kerik's action to terminate Shekhem'El-Bey's employment, as with the other Moorish American DOC employees, violates Plaintiff's rights to due process of law pursuant to the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983  to which Plaintiff is entitled to substantial monetary award.

## THIRD CAUSE OF ACTION

### (Fourteenth Amendment - Count 3 of Due Process of Law – 42 U.S.C. § 1983)

119.     Plaintiff repeat and reallege paragraph 1 through 118 above with the same force and effect as if set forth herein.

120.    By intentionally and willfully concealing the true nature of the charges against Plaintiff, Defendant Caruso deprived Plaintiff of due process of law, i.e., the right to adequate notice and an opportunity to be heard on the charges in a court of appropriate jurisdiction against Plaintiff before deprivation of a property interest in his employment and before recommending a deprivation of a property interest in violation of the due process clause of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983  to which Plaintiff is entitled to substantial monetary award and other relief.

## FOURTH CAUSE OF ACTION

(Fourteenth Amendment – Count 4 of Due Process of Law – 42 U.S.C. § 1983)

121.    Plaintiff repeat and reallege paragraph 1 through 120 above with the same force and effect as if set forth herein.

122.    The above described policy, custom and practice of the Defendants that was motivated by an invidious discriminatory animus against Moorish Americans, and by intentionally and willfully concealing the true nature of the charges against Plaintiff, that Plaintiff was denied due process of law because OATH was applied in an unconstitutional manner as against Plaintiff, as were the other former Moorish American DOC employees, where OATH was subjected to inappropriate influences by Giuliani and Caruso in violation of 42 U.S.C. § 1983 to which Plaintiff is entitled to substantial monetary award and other relief.

## FIFTH CAUSE OF ACTION

(First & Fourteenth Amendment Freedom of Association – 42 U.S.C. § 1983)

123.    Plaintiff repeat and reallege paragraph 1 through 122 above with the same force and effect as if set forth herein.

124.    By intentionally and willfully concealing the true nature of the charges against Plaintiff and then summary suspending Plaintiff following Plaintiff's reinstatement from a medical discharge and disallowing Plaintiff the opportunity to begin a fresh start at correction, placing Plaintiff on modified duty

assignment and recommending Plaintiff for termination, Placing Plaintiff's life in danger by placing Plaintiff in an asbestos contaminated facility and by identifying Plaintiff as a "Moorish Nation member that is considered armed" with respect to the NYPD memorandum and treating Plaintiff as a "security concern" for no reason other than the fact that Plaintiff possibly was associated with and share the same national origin, race and nationality as the individual identified in the NYPD memorandum, the Defendants, as a custom, policy and practice, were acting in concert, either directly or indirectly and in cooperation with each other, violated Plaintiff's First Amendment right to freedom of association, as purview through and in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 to which Plaintiff is entitled to substantial monetary award.

## SIXTH CAUSE OF ACTION

### (Fourteenth Amendment Equal Protection Clause - 42 U.S.C. § 1983)

125.    Plaintiff repeat and reallege paragraph 1 through 124 above with the same force and effect as if set forth herein.

126.    By intentionally and willfully concealing the true nature of the charges against Plaintiff and by Kerik, Caruso and DiCarlo pursuing Moorish Americans to subject them to summary suspension, placing them on modified duty assignment and subsequently terminating them from the employ of DOC, as was Plaintiff and not equaling applying the same process to other DOC employees, such as CO Jeanette Pinnero, white female who was Kerik's mistress, CO John Sheridan, white male, Capt. Piccione, white male, etc. who were not Moorish Americans or identified as Moorish Americans and who have committed the same or substantially similar acts, as set forth above, violates the equal protection clause of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983  to which Plaintiff is entitled to substantial monetary award and other relief.

## SEVENTH CAUSE OF ACTION

### (Discrimination based on national origin and race – 42 U.S.C. § 1981)

127.    Plaintiff repeat and reallege paragraph 1 through 126 above with the same force and effect as if set forth herein.

128.    The above described policy, custom and practice was a motivating factor in the unequal terms and condition of Plaintiff's employment on account of Plaintiff's race, and national origin as a Moor, to include Plaintiff's nationality and/or creed as a Moorish American, as Plaintiff did not enjoy the same rights for the security of person and property (property interest) as enjoyed by white citizens, i.e. Bernard Kerik, Jeanette Pinnero, John Sheridan, John Picciano, etc. and violates Plaintiff's rights under 42 U.S.C. § 1981 to which Plaintiff is entitled to substantial monetary award from the City of New York.

EIGHTH CAUSE OF ACTION

(Conspiracy to deprive rights – 42 U.S.C. § 1985 (3))

129.    Plaintiff repeat and reallege paragraph 1 through 128 above with the same force and effect as if set forth herein.

130.    The above described policy, custom and practice of the Defendants that was motivated by an invidious discriminatory animus against Moorish Americans, and by intentionally and willfully concealing the true nature of the charges against Plaintiff and by Defendants, and each of them acting in cooperation and in concert with each other in a conspiracy, either directly or indirectly, Giuliani, Kerik, Caruso and DiCarlo under color of state law by their actions and/or omissions deprived Plaintiff of the equal protection of the law and due process of law, and thus violated the equal protection and due process clause of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1985 (3)  to which Plaintiff is entitled to substantial monetary award, as specifically set forth in the demand for relief below.

NINTH CAUSE OF ACTION

(Action for Neglect to Prevent – 42 U.S.C. § 1986)

131.    Plaintiff repeat and reallege paragraph 1 through 130 above with the same force and effect as if set forth herein.

132.    By intentionally and willfully concealing the true nature of the charges against Plaintiff, Defendants, and each of them, reasonably having knowledge that the wrongs conspired

to be done, as set forth above with respect to 42 U.S.C. § 1985 (3), are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, when such wrongful acts, as set forth above, has been committed, is in violation of 42 U.S.C. § 1986 to which Plaintiff is entitled to substantial monetary award.

## TENTH CAUSE OF ACTION

### (New York State Constitution – 42 U.S.C. § 1983)

133.    Plaintiff repeat and reallege paragraph 1 through 132 above with the same force and effect as if set forth herein.

134.    The above described policy, custom and practice was a motivating factor in the unequal terms and conditions of Plaintiff's employment in violation of the corresponding laws under the New York State Constitution and to which Plaintiff is entitled to substantial monetary award.

## ELEVENTH CAUSE OF ACTION

### (Retaliation)

135.    Plaintiff repeat and reallege paragraph 1 through 134 above with the same force and effect as if set forth herein.

136.    The above described policy, custom and practice of the Defendants, was also the motivating factor in their retaliating against Plaintiff and other Moorish Americans for having filed federal lawsuits in the past against the City and DOC and to which Plaintiff is entitled to substantial monetary award.

## TWELFTH CAUSE OF ACTION

### (Abuse of Process)

137.    Plaintiff repeat and reallege paragraph 1 through 136 above with the same force and effect as if set forth herein.

138.    By Defendants concealing the true nature of the charges against Plaintiff and the other Moorish American DOC employees, the above described policy, custom and practice of the Defendants, was the motivating factor in their intentional misuse of the legal system by illegally abusing the process to pursue Moorish Americans for summary suspension, modified duty assignment, sham administrative proceeding of the City and ultimately termination from employment, while not imposing the same process to white DOC employees who have engaged in the same or substantially similar conduct and  to which Plaintiff is entitled to substantial monetary award.

### THIRTEENTH CAUSE OF ACTION

#### (Selective Enforcement)

139.    Plaintiff repeat and reallege paragraph 1 through 138 above with the same force and effect as if set forth herein.

140.    By Defendants concealing the true nature of the charges against Plaintiff and the other Moorish American DOC employees, the above described policy, custom and practice of the Defendants, was the motivating factor in their selective enforcement to pursue Moorish Americans for summary suspension, modified duty assignment, sham administrative proceeding of the City and ultimately termination from employment, while shielding white DOC employees who have engaged in the same or substantially similar conduct and  to which Plaintiff is entitled to substantial monetary award.

### FOURTEENTH CAUSE OF ACTION

#### (Selective Prosecution)

141.    Plaintiff repeat and reallege paragraph 1 through 140 above with the same force and effect as if set forth herein.

142.    By Defendants concealing the true nature of the charges against Plaintiff and the other Moorish American DOC employees, the above described policy, custom and practice of

the Defendants, was the motivating factor in their selective prosecution in pursuing Moorish Americans for summary suspension, modified duty assignment, sham administrative proceeding of the City and ultimately termination from employment, while shielding white DOC employees who have engaged in the same or substantially similar conduct and to which Plaintiff is entitled to substantial monetary award.

## FIFTEENTH CAUSE OF ACTION

### (Defamation of Character - Slander)

143.    Plaintiff repeat and reallege paragraph 1 through 142 above with the same force and effect as if set forth herein.

144.    By Defendants Giuliani publicly stating that Moorish Americans is a cult and for Mildred Lambert to have testified at OATH that she dropped her Nationality "like a hot potato because Giuliani call it cult" in order to keep her employment, and various documents, including the aforementioned teletype stating that Plaintiff "…is a Moorish Nation member and considered armed" inferring that Plaintiff specifically and Moorish Americans generally are a part of a criminal element associating Plaintiff with the aforementioned NYPD memo in order to justify Defendants conduct, were done with malice and constitute defamation of character and is slander to which Plaintiff is entitled to substantial monetary award.

## SIXTEENTH CAUSE OF ACTION

### (Defamation of Character - Libel)

145.    Plaintiff repeat and reallege paragraph 1 through 144 above with the same force and effect as if set forth herein.

146.    By Defendants Giuliani publicly stating that Moorish Americans is a cult and for Mildred Lambert to have testified at OATH that she dropped her Nationality "like a hot potato because Giuliani call it cult" in order to keep her employment, and various documents, including the aforementioned teletype stating that Plaintiff "…is a Moorish Nation member and considered

armed" inferring that Plaintiff specifically and Moorish Americans generally are a part of a criminal element associating Plaintiff with the aforementioned NYPD memo in order to justify Defendants conduct, were done with malice and constitute defamation of character and is Libel to which Plaintiff is entitled to substantial monetary award.

SEVENTEENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

147.   Plaintiff repeat and reallege paragraph 1 through 146 above with the same force and effect as if set forth herein.

148.   By Defendants concealing the true nature of the charges against Plaintiff and other Moorish American DOC employees, the above described policy, custom and practice of the Defendants and each of them in a concerted activity, was the motivating factor in their intentionally inflicting emotional distress upon Plaintiff, wherein Plaintiff did suffer severe emotional distress as a direct result of the Defendants uncivilized and outrageous conduct where Plaintiff's life has been placed in jeopardy with reckless and depraved indifference and to which Plaintiff is entitled to substantial monetary award.

EIGHTEENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

149.   Plaintiff repeat and reallege paragraph 1 through 148 above with the same force and effect as if set forth herein.

150.   By Defendants concealing the true nature of the charges against Plaintiff and other Moorish American DOC employees, the above described policy, custom and practice of the Defendants and each of them in a concerted activity, was the motivating factor in their negligently inflicting emotional distress upon Plaintiff, wherein Plaintiff did suffer severe emotional distress as a direct result of the Defendants uncivilized and outrageous conduct where

Plaintiff's life has been placed in jeopardy and in danger with reckless and depraved indifference and to which Plaintiff is entitled to substantial monetary award.

## NINETEENTH CAUSE OF ACTION

### (Fraud)

151. Plaintiff repeat and reallege paragraph 1 through 150 above with the same force and effect as if set forth herein.

152. By Defendants intentionally and willfully concealing the true nature of the charges against Plaintiff and by Defendants commencing an action against Plaintiff under false pretense and with malice through misrepresentation of facts and by Defendants not disclosing the true nature of the charges to Plaintiff before deprivation of a property interest constitutes fraud wherein Defendants deprived Plaintiff of due process of law, i.e., the right to adequate notice and an opportunity to be heard on the charges in a court of appropriate jurisdiction before deprivation of a property interest in his employment and before recommending a deprivation of a property interest with respect to the crime clause provision of the Fifth and Sixth Amendment as purview through and in violation of the due process, equal protection and privilege and immunity clause of the 14th Amendment to the United States Constitution and to which Plaintiff is entitled to substantial monetary award.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff, Yashua Amen Shekhem'El-Bey, respectfully demands that this Court grant judgment against Defendants City and/or its Codefendants, individually and/or collectively as deemed appropriate by the Court in favor of Shekhem'El-Bey containing the following relief:

a. An award of Plaintiff's actual damages in an amount to be determine at trail but not less than Seven Million Dollars ($7,000,000.00) for loss of wages, benefits and promotional

opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits by Defendant City;

b.      Full reinstatement to employment with the New York City Department of Correction as a New York City Correction Officer with the City of New York with Shield # 6103;

c.      An award of damages in an amount to be determine at trial but not less than Seven Million Dollars ($7,000,000.00) to compensate Plaintiff for mental anguish, humiliation, embarrassment, lost of enjoyment of life, emotional injury, anxiety and stress by Defendant City of New York and/or its codefendants;

d.      An award of punitive and exemplary damages in an amount to be determined at trial but not less than Forty Five Million Dollars ($45,000,000.00), as against Defendants City and/or its codefendants to insure that such colorable and outrageous acts would not be repeated by any future administration of the City through its agents, members, servants and/or employees;

e.      For a declaratory judgment that Plaintiff was denied due process of law because OATH was applied in an unconstitutional manner as against Plaintiff, as were the other former Moorish American DOC employees, where OATH was subjected to inappropriate influences by Giuliani and Caruso in violation of 42 U.S.C. § 1983;

f.      For a declaratory judgment that OATH pursuant to Mayors Executive Order #32 of July 25, 1979 promulgated by former Mayor Edward I. Koch, to be unconstitutional on its face and as applied, as was demonstrated by Rudolph Giuliani as set forth herein;

g.      For a declaratory judgment that Defendants application of the "crimes exception" clause of Section 75 (4) of the Civil Service Law (CSL) to be unconstitutional on its face and as applied;

h.      For a declaratory judgment that the "crimes exception" clause of Section 75(4) CSL violates the "privilege and immunity" clause of the Fourteenth Amendment to the United States Constitution;

i.      That Plaintiff reserves the right to enter default by the Clerk pursuant to Rule 55 (a)(b)(1) of Federal Rules of Civil Procedure for a sum certain in the base amount of Fifty Nine Million Dollars ($59,000,000.00) for this action in the event Defendant City and/or its codefendants fails to answer this civil complaint pursuant to Rule 7 (a) and 12 (a)(1)(A) of the Federal Rules of Civil Procedure as required by law;

j.      Leave to amend the Complaint pursuant to Rule 15 (a) and (b) of the Federal Rules of Civil Procedure in the event newly discovered information and evidence requires new parties to be joined in as Defendants, and as to such other corrections needed to perfect the pleadings;

k.      An award of reasonable fees and costs of this action pursuant to 42 U.S.C. § 1988;

l.      Such other and further relief as this Court may deem just, proper and appropriate according to law.

Dated: New York, New York
      November 13, 2006

                             Yashua Amen Shekhem'El-Bey
                             Plaintiff, In Pro Per (Pro Se)
                             244 Fifth Avenue, Suite 200
                             New York, New York 10001
                             (212) 252-2641

## VERIFICATION

The foregoing verified civil complaint by the hands of Yashua Amen Shekhem'El-Bey is given subject to the penalties of Perjury pursuant to 28 U.S.C. § 1746 and laws of the United States of America, and hereby affirm, declare and certify that the foregoing verified civil complaint is true and correct to the best of my first hand knowledge, information and belief.

Dated: November 13, 2006
        New York, New York


                                        Yashua Amen Shekhem'El-Bey
                                        Plaintiff, In Pro Per (Pro Se)

DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

Yashua Amen Shekhem'El-Bey )
)
Plaintiff )
vs. )
City of New York; Rudolph Giuliani, Mayor of the City of )
New York; Bernard B. Kerik, Commissioner of the New )
York City Department of Correction (DOC); Michael )
Caruso, Inspector General of DOC; Carl DiCarlo, Assistant )
Commissioner of Trials and Litigation, DOC; )
)
Defendants )

-----------------------------------------------------------------------

Incorporated Case

**Civil Action No:**

## STATEMENT OF RELATEDNESS

Yashua Amen Shekhem'El-Bey, the Plaintiff (Pro Se) in the above-captioned entitled
case, states that this matter is related to <u>Kelly, et. al. v. City of New York, et. al.</u>, 04 Civ. 1572
(TPG) and <u>Shekhem'El-Bey v. The City of New York, et. al</u>. 00 Civ. 9260 (JES), as these cases
are inextricably intertwined and because they are based upon the same underlying factual
circumstances, except that this action is based on new information and exculpatory evidence,
which became known to Plaintiff on or about December 2004 with respect to deliberately
withheld information learned for the first time in <u>Kelly, et. al. v. City of New York, et. al.</u>, 01
Civ. 8906 (TPG) following its discovery that was completed on or about December 2003,
wherein the opportunity for notice and to be heard on those matters were never afforded nor
provided during the pendancy of Shekhem'El-Bey v. The City of New York, et al. 00 Civ. 9260
(JES) in which case Plaintiff previously filed this case under docket 05 Civ. 7270 (TPG),
establishing Plaintiff's constitutional and state law claims with respect to this new action and its
progeny in <u>Shekhem'El-Bey v. The City of New York, et. al.</u>, 00 Civ. 9260 (JES) that was

dismissed by U.S.D.C. John E. Sprizzo for lack of evidence, as discovery was closed in 2000 due to the misapplication of the Rooker-Feldman doctrine.

Additionally, the subsequent events leading up to and occurring on or about December 2004 through on or about January 2005 regarding the infamous Bernard B. Kerik corruption Tax Scandal, both in print and televised media revealing information and exculpatory evidence for the first time that was previously not known to Plaintiff, all consequently giving rise to this new action, particularly as Plaintiff's Notice of Claim dated February 12, 2005 served upon the City of New York has been received by the City of New York on February 15, 2005 and the Defendant City of New York has mailed their letter of acknowledgment dated March 10, 2005 to acknowledge their receipt of Plaintiff's Notice of Claim. However, the City of New York has not acted or has failed to act to resolve or settle the matter within or after the 30-day statutory time frame from the date of service of the Notice of Claim.

Dated: New York, New York
       November 13, 2006


                                        Yashua Amen Shekhem'El-Bey
                                        Plaintiff, In Pro Per (Pro Se)
                                        244 Fifth Avenue, Suite 200
                                        New York, New York 10001
                                        Ph: (212) 252-2641















# EXHIBIT O

Yashua Amen Shekhem'El-Bey
244 Fifth Avenue, Suite 200
New York, New York 10001
Ph: 212-252-2641

April 23, 2007        Re:    Shekhem'El-Bey v. City of New York, et. al.,
                              O5 Civ. 7270 (TPG)

Hon. John E. Sprizzo          Withdrawn without prejudice and resubmitted
United States District Judges    Civil Action based on new information
Daniel Patrick Moynihan      and exculpatory evidence derived from another
United States Court House      case involving former Moorish American CO's
500 Pearl Street, Room 730
New York, New York 10007
Ph: 805-6135

RECEIVED
APR 2 3 2007
PRO SE OFFICE

Dear Judge Sprizzo:

      The above reference civil complaint with statement of relatedness to another case under Kelly, et. al. v. City of New York, et. al., 04 Civ. 1572 (TPG) was filed based on new information and exculpatory evidence that was not previously known to me in my case before you under Shekhem'El-Bey v. City of New York, et. al., 00 Civ. 9260 (JES). The above reference case was assigned to Hon. Thomas P. Griesa back in August of 2005. Due to personal and financial matters it was necessary for me to withdraw the case without prejudice noting that I was still within the statutory time frame to resubmit my civil action at a later time. An application to Hon. Thomas P. Griesa was filed and was subsequently granted by Order, the details of which can be found in the docket of the above reference case.

      On November 13, 2006 I resubmitted my Civil Complaint referenced above, except with an application to proceed without prepayment of fees and affidavit, as I could no longer afford the exorbitant court fees that has been raised to $350.00. It was my expectation that these papers would processed and go before Hon. Thomas P. Griesa to whom the case was originally assigned, though a different docket number would be issued.

      On April 18, 2007 I visited the Pro Se office in person to check on the status of my civil complaint as it has been some time since November 13, 2006 and I haven't receive any correspondance noticing me of any developments or status of my case.

      The Pro Se office informed me that my case has been redirected to you and that you had entered my Civil Complaint as a 60(b) motion under the case which you had dismissed (Shekhem'El-Bey v. City of New York, et. al. 00 Civ. 9260 (JES)). I've checked the Federal Rules and there is nothing in the rules that sanctions such action nor have I filed such a motion. I'm very shocked and stunned by this action.

      Therefore, I respectfully demand that you correct this error and permit my case to be properly processed and forwarded to an impartial Article III United States District Court Judge.

      Thank you for your attention and understanding regarding this matter.

                             Yashua Amen Shekhem'El-Bey















# EXHIBIT P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
YASHUA AMEN SHEKEM EL-BEY,

                                                            Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                                            Defendants.

-------------------------------------------------------------------- x

00 Civ. 9260 (JES)
05 Civ. 7270 (JES)


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S 60 (B)
MOTION AND MOTION FOR RECUSAL**


**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-140
New York, NY  10007-2601


**Of Counsel:**
Carolyn Walker-Diallo
Tel:    (212) 788-0868

# PRELIMINARY STATEMENT

Defendants, the City of New York ("City"), and present and former City employees, respectfully submit this brief in opposition to plaintiff's motion under Federal Civil Procedure Rule 60(b) to vacate this Court's order dismissing the Complaint in the action styled Shekhem'El-Bey v. City of New York, et al., 00 Civ. 9260, to re-open the action styled Shehem'El-Bey v. City of New York, et al., 05 Civ. 7270, which plaintiff voluntarily dismissed on April 20, 2006, and plaintiff's motion to recuse the Honorable John E. Sprizzo from this action.

Plaintiff's Rule 60(b) motion should be denied because plaintiff fails to demonstrate that defendants engaged in fraud or misconduct by allegedly withholding evidence or information from plaintiff nor can plaintiff establish that the Second Circuit's decision in Kelly v. City of New York, et al., 01 Civ. 8906, warrants vacating this Court's order of dismissal in 00 Civ. 9260. Furthermore, plaintiff fails to demonstrate that this alleged newly acquired information would alter the Court's dismissal of 00 Civ. 9260, as plaintiff's complaint was dismissed on collateral estoppel grounds, and because the Court held that plaintiff failed to state a first amendment, equal protection, Title VII or a Section 1981 claim against defendants. The alleged new information that plaintiff asserts was not considered by the Court is not germane or relevant to the Court's decision dismissing plaintiff's complaint.

As to plaintiff's request to reopen civil action number 05 Civ. 7270, plaintiff's motion should also be denied. Plaintiff's due process, first amendment, equal protection, Title VII and Section 1981 claims are identical to the claims in the 00 Civ. 9260, and are therefore barred by the doctrine of *res judicata*. Moreover, plaintiff's new federal claims under 42 U.S.C. Sections 1985 and 1986 must be dismissed because, as a matter of law, such claims cannot be brought against defendants. As such, the entire complaint should be dismissed. Finally, plaintiff's request that the Honorable John E. Sprizzo recuse himself from the case should also be denied, as plaintiff

has not established a basis for recusal under 28 U.S.C. § 455(a) (2008). As such, plaintiff's motions should be denied in their entirety.


## STATEMENT OF FACTS

Plaintiff began working as a correction officer for the New York City Department of Correction ("DOC") in or around June 1983. See El-Bey Complaint, December 6, 2000 ("El- Bey Compl."). In December 1993, plaintiff submitted to the DOC a tax document entitled "Certificate of Exemption from Withholding in Lieu of Form W-4" claiming that he was exempt from any income tax withholding. See id. at ¶¶ 42. This document was accepted by the DOC and no income tax was withheld from plaintiff's wages from 1994 through 1996. See id. at ¶¶ 43, 75, 129.

In 1996, the City of New York and the City's Department of Investigation ("DOI") initiated an investigation into the filing of fraudulent tax documents by approximately 1,800 City employees. Approximately 1,100 to 1,200 of these 1,800 employees worked at DOC. Approximately 184 of the DOC workers submitted documents claiming to be immune from taxation or tax exempt.

Out of these 184 employees, approximately 21 submitted documentation indicating, among other things, that they were immune from taxation; were not subject to arrest; were not subject to the jurisdiction of the United States, the State of New York, or the City of New York; and renounced their United States citizenship. Plaintiff was a part of this last group of 21 City employees.

On August 27, 1998, the DOC filed disciplinary charges against plaintiff for (1) filing a false tax form containing false/fraudulent information; (2) violating and disclaiming his constitutional oath of office; and (3) filing false information with the knowledge or belief that DOC

would file these instruments with the IRS. Prior to being charged with these violations, plaintiff was charged with various departmental violations as he was charged with being chronically absent, violated various sick leave violations, placed on unpaid leave, and involuntary medical separation leave.

As a result of the tax violation charges brought against plaintiff, he was suspended without pay from the DOC in June 1999, was subsequently placed on modified assignment, and on February 8, 2000, a disciplinary hearing was held at the Office of Administrative Trials and Hearings ("OATH"). On March 14, 2000, Administrative Law Judge Deidra L. Tompkins ("ALJ Tompkins") found plaintiff guilty of, among other violations, the crime of perjury under Penal Law sections 210.10 and 175.30 for submitting a Certificate of Withholding in Lieu of W-4 form containing false information. Based on this violation and plaintiff's flagrant disregard for other DOC rules and regulations, the OATH ALJ's Report and Recommendation recommended that plaintiffs, not including Alberto Rivera Bey, be found guilty and that, as a penalty, the plaintiffs' employment be terminated. The DOC Commissioner adopted that ALJ's Report and Recommendation in full and plaintiffs were terminated from their City employment in DOC.

On August 17, 2000, plaintiff brought an Article 78 proceeding in New York State Supreme Court challenging his termination. Plaintiff claimed, inter alia, that he was wrongfully discharged from employment with the DOC and that his due process rights were violated at the OATH proceeding The case was transferred to the Appellate Division, First Department, which found that "no basis exists to disturb respondent's findings of credibility" and the "penalty of dismissal does not shock our sense of fairness." Mr. El-Bey did not appeal that decision.

On December 6, 2000, plaintiff filed the instant suit, 00 Civ. 9260, asserting that defendants, individually and in "concerted activity," singled him out and treated him differently

based on his race, color, religion, and national origin. <u>See</u> El-Bey Compl. ¶¶ 191, 193, 199, 203. Plaintiff also asserts that defendants were motivated by these factors in brining disciplinary charges against him for his tax violations in the manner in which they conducted his OATH proceeding, <u>id.</u> ¶¶ 117, 119, 191, 228-34, and in deciding to ultimately terminate him. <u>See</u> El-Bey Compl. ¶¶ 88, 139, 174, 175, 191, 226. Plaintiff also alleges that defendants deprived him of his due process rights in serving him with disciplinary charges and in the manner in which the OATH proceeding was conducted. <u>See</u> El-Bey Compl. ¶¶ 119, 126, 131, 132, 155, 159, 166, 228-34. Plaintiff further alleges that defendants violated his free speech by terminating him in retaliation for his having filed suits against defendants in the past. <u>See id.</u> ¶ 252.

On or about September 16, 2002, defendants filed a motion to dismiss the Complaint in 00 Civ. 9260, pursuant to Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). On or about December 30, 2002, plaintiff filed a motion for summary judgment pursuant to Federal Civil Procedure Rule 56(a).

On or about August 17, 2005, plaintiff filed another complaint against defendants in the action 05 Civ. 7270, and amended the Complaint on August 31, 2005. The complaint includes the same claims that were asserted in plaintiff's complaint in the action 00 Civ. 9260.

By Order dated March 3, 2006, this Court granted defendants' motion to dismiss the case in 00 Civ. 9260 on the grounds that plaintiff's due process claims were barred by collateral estoppel, as they were previously litigated and decided by the Appellate Division in his Article 78 proceeding. The Court also dismissed plaintiff's equal protection, Title VII and Section 1981 claims on the grounds that plaintiff did not identify any individuals outside of his protected class that was treated better than plaintiff. The Court dismissed plaintiff's first amendment retaliation claims on the grounds that plaintiff failed to make a causal connection between his protected

activity and defendants' alleged adverse actions. The Court reasoned that plaintiff's single, vague and conclusory allegation that the DOC's decision to terminate him somehow resulted in his having filed previous lawsuits against the defendants is insufficient to state a prima facie case. See El Bey Compl. ¶¶ 197, 252.

On April 20, 2006, plaintiff voluntarily withdrew the action 05 Civ. 7270.    After the Court dismissed the 00 Civ. 9260 case, on or about November 13, 2006, plaintiff filed a new complaint in the 00 Civ. 9260 case, asserting that new evidence concerning the Moors derived from the case styled Kelly v. City of New York, et al., 01 Civ. 8906, requires that the Court vacate its order dismissing the Complaint. Plaintiff also alleges that he learned of events from the media in December 2004 to January 2005 concerning Bernard B. Kerik allegedly being involved with a tax scandal and money scheme demonstrated that defendants treated non-white correction officers better than black correction officers. See Complaint dated November 13, 2006, ¶ 3. The Court construed plaintiff's "new" complaint as a Rule 60(b) motion.

In April 2007, plaintiff appealed to the Court of Appeals for the Second Circuit the Court's order dismissing the complaint in 00 Civ. 9260. On or about April 23, 2007, plaintiff filed a Rule 60(b) motion with the district court to vacate the Court's order in 00 Civ. 9260, to reopen 05 Civ. 7270, and to recuse the Honorable John E. Sprizzo from the case. In or around August 2007, plaintiff's Rule 60(b) motion was stayed pending the Second Circuit's decision of plaintiff's appeal. On or about February 26, 2008, the Second Circuit dismissed plaintiff's appeal on the grounds that the appeal did not have an arguable basis in fact or law. Defendants now oppose plaintiff's motion to vacate the Court's Order dismissing the Complaint in 00 Civ. 9260 to reopen 05 Civ. 9570, and to recuse Judge Sprizzo from this case.

# ARGUMENT

## POINT I

### PLAINTIFF'S RULE 60 (B) MOTION MUST BE DENIED

(1)    <u>Motion to Vacate Court's Dismissal of 00 Civ. 9260</u>

   Plaintiff alleges that the Court's order dismissing plaintiff's complaint in 00 Civ. 9260 should be vacated because in December 2003, upon the filing of defendants' summary judgment motion in the matter <u>Kelly v. City of New York, et al</u>, 01 Civ. 8906, plaintiff allegedly learned of additional information concerning his case.    Specifically, plaintiff alleges that new information that the New York City Police Department ("NYPD") issued a memorandum alleging that members of "The Great Seal Association of Moorish Affairs" were suspected of armed robberies and trafficking in high-powered automatic weapons was not previously known to him. <u>See</u> Verified Complaint, ("Verified Compl.) dated November 13, 2006, ¶ 38.  Plaintiff also alleges that news reports that Bernard Kerik was allegedly involved in an "infamous" tax scandal and "illegal money schemes with the mob," proves that defendants were "involved discrimination based on national origin, race, and color…" <u>See</u> Verified Compl., ¶ 24.  However, even if this information was not known to plaintiff, it is insufficient to vacate the Court's motion to dismiss.

   Rule 60(b) of the Federal Rules of Civil Procedure provide, in relevant part, that:

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void.

In the instant matter, plaintiff cannot demonstrate that defendants engaged in an unconscionable plan or scheme which was designed to improperly influence the Court in its motion to dismiss. Moreover, the Court dismissed plaintiff's due process claims, as the claims were barred by the doctrine collateral estoppel. Plaintiff previously litigated his due process claims in his Article 78 proceeding in State Court and as such, the Court held that those claims could not be litigated again in Federal Court. See Order dated March 3, 2006, pages 7-8. The Court dismissed the remaining equal protection, first amendment retaliation, Title VII and Section 1981 claims because plaintiff failed to state a claim for relief. Plaintiff does not allege, nor can he establish, that the alleged newly acquired information helped him identify an individual outside of his protected class that was similarly situated to him[1] or that there was a causal connection between a protected activity and his termination. As such, plaintiff's motion to vacate the Court's order dismissing the Complaint must be dismissed.

(2)    Motion to Reopen action 05 Civ. 7270

Furthermore, as plaintiff's due process, equal protection, first amendment, Title VII, and Section 1981 claims in 05 Civ. 7270 are identical to the claims in in 00 Civ. 9260, which were dismissed, plaintiff's claims are barred by res judicata. Moreover, plaintiff cannot demonstrate that the alleged "new facts" now creates a cause of action under these provisions of law. Plaintiff's alleged knowledge that Bernard Kerik allegedly participated in a fraudulent tax scheme and that there was intelligence information that members of "The Great Seal of Moorish Affairs" were suspected of participating in illegal behavior does not establish that he was singled

---

[1] It should be noted that former Commissioner Bernard Kerik is not similarly situated in all material respects to plaintiff, a former correction officer. Therefore, any attempts by plaintiff to demonstrate that there is an inference of discrimination because he was allegedly treated differently than former Commissioner Kerik is without merit.

out for termination or discipline because he is Black or a Moor in violation of the equal protection clause, Title VII, and Section 1981, or that he retaliated against for filing previous lawsuits in violation of the equal protection clause in violation of the first amendment.

Concerning plaintiff's new federal claims, these claims must be dismissed as a matter of law. Plaintiff's complaint includes a new conspiracy claim under 42 U.S.C. Section 1985(3), and a claim of negligence under 42 U.S.C. Section 1986. However, the law is clear that "[o]fficials of a single government entity, acting in their official capacities cannot conspire among themselves or with the entity within the meeting of § 1985." McEvoy v. Spencer, 49 F. Supp. 2d 224, 226 (S.D.N.Y. 1999) citing Sharpe v. Long, 842 F.Supp 197, 201 (D.S.C. 1992); see also Gatling v. Fashion Assoc., No. 98 Civ. 2252 (LMM), 1999 U.S. Dist. LEXIS 12967, *1, *6-7 (S.D.N.Y. Aug. 18, 1999). Plaintiff's Section 1986 must also be dismissed, because plaintiff cannot maintain a Section 1985 without a viable Section 1985 claim. See Koch v. Mirza, 869 F. Supp. 1031 (W.D.N.Y. 1994) (citing Hahn v. Sargent, 523 F.2d 461, 469-70 (1st cir. 1975), cert. denied, 425 U.S. 904 (1976). As plaintiff's federal claims are futile, this Court should not entertain plaintiff's remaining state law intentional infliction of emotional distress[2], negligent infliction of emotional distress and fraud claims.

### POINT II

### PLAINTIFF'S MOTION FOR RECUSAL SHOULD BE DENIED.

28 U.S.C. § 455(a) (2008), provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might

---

[2] It should be noted that plaintiff cannot state a claim against the City defendants for intentional infliction of emotional distress because "[i]t is well-settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity." Lauer v. City of New York, 240 A.D.2d 543, 659 N.Y.S.2d 57, 58 (2d Dept. 1997), app. denied, 91 N.Y.2d 807, 669 N.Y.S.2d 260 (1998).

reasonably be questioned." Id. Notably, under § 455(a), recusal is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988). Here, plaintiff requests that Judge Sprizzo be removed from the case because he believes the Court wrongfully "redirected" his 05 Civ. 7520 complaint to Judge Sprizzo and because "there is nothing in the rules that sanctions such actions." See Letter dated April 23, 2007. However, plaintiff's assertions are insufficient. Plaintiff has not provided any evidence to demonstrate that the Court's impartiality concerning this case is at issue or that an informed observer could reasonably question the Court's impartiality, as required under the statute. As such, plaintiff's request for recusal must be denied.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion grant defendants such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           August 1, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-140
New York, New York 10007
(212) 788-0868

By: _____
            Carolyn Walker-Diallo
            Assistant Corporation Counsel

U UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

YASHUA AMEN SHEKEM' EL-BEY,

                                                    Plaintiff,

              -against-                                              00 Civ. 9260 (JES)
                                                                     05 Civ. 7270 (JES)

THE CITY OF NEW YORK, et al.,

                                                    Defendants.
------------------------------------------------------------------ x

## CERTIFICATE OF SERVICE

              I hereby certify that, on August 1, 2008, I caused a true and correct copy of Defendants'

Memorandum of Law in Opposition to Plaintiff's Rule 60 (B) motion, to be served upon plaintiff *pro se*

by depositing same in a postage-paid, pre-addressed wrapper directed to:

                          Yashua Amen Shekhem' El-Bey
                          244 Fifth Avenue, Suite 200
                          New York, NY 10001


that being the address plaintiff designated for such purpose, and placing the wrapper in an official

depository under the exclusive care and custody of the United States Postal Service

Dated:        New York, New York
              August 1, 2008

                                              CAROLYN WALKER-DIALLO
                                              Assistant Corporation Counsel
                                              Attorneys for Defendants
                                              New York City Law Department
                                              100 Church Street, 2-140
                                              New York, NY  10007
                                              (212) 788-0868
                                              Email: cwalker@law.nyc.gov















# EXHIBIT Q

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
YASHUA AMEN SHEKHEM' EL-BEY,

               Petitioner <u>pro</u> <u>se</u>,

       - against -

THE CITY OF NEW YORK; RUDOLPH W.
GIULIANI, MAYOR OF THE CITY OF NEW
YORK; BERNARD KERIK, COMMISSIONER OF
THE NEW YORK CITY DEPARTMENT OF
CORRECTION(DOC); MICHAEL CARUSO,
INSPECTOR GENERAL OF DOC; CARL DICARLO,
ASSISTANT COMMISSIONER OF TRIALS AND
LITIGATION, DOC; LUIS R. BURGOS, JR.
DEPUTY COMMISSIONER FOR EQUAL
EMPLOYMENT OPPORTUNITY, DOC; JACK W.
LOUDEN, SUPERVISING ATTORNEY FOR DOC;
EDWARD KURIANSKI, COMMISSIONER OF
INVESTIGATIONS, CITY OF NEW YORK; ROSE
LUTTAN RUBEN, CHIEF ADMINISTRATIVE LAW
JUDGE (CHIEF ALJ) OF THE OFFICE OF
ADMINISTRATIVE TRIALS AND HEARINGS OF
THE CITY OF NEW YORK (OATH); DEIDRA L.
TOMPKINS, ADMINISTRATIVE LAW JUDGE
(ALJ) OF (OATH); in their official and/
or individual capacities,

               Respondents.

--------------------------------------X

00 Civ. 9260 (JES)
05 Civ. 7270 (JES)

**SUMMARY ORDER**



    The above-captioned action having come before the Court, and petitioner <u>pro</u> <u>se</u> Yashua Amen Shekhem' El-Bey ("petitioner") having been terminated from his position of employment with the New York City Department of Correction ("DOC") after filing fraudulent tax documents and committing countless other violations, and petitioner having filed a Complaint in this action on December 6, 2000 ("2000 Complaint") challenging his termination, and petitioner having brought a second action against respondents on August 17, 2005 ("2005 Complaint" or "2005 Action"), which included the same claims that were asserted in the 2000 Complaint, and this Court having granted respondents' motions to dismiss petitioner's 2000 Complaint on March 3, 2006, and petitioner having voluntarily withdrawn his 2005 Complaint on April 20, 2006, and this Court having granted petitioner's Motion for an

Extension of Time to file a Notice of Appeal on June 29, 2006, and petitioner having filed a Notice of Appeal on September 14, 2006, and petitioner having filed a Motion pursuant to Federal Rule of Civil Procedure 60(b) on November 13, 2006 to vacate this Court's order dismissing his 2000 Complaint and to re-open the 2005 Action, and this Court having stayed petitioner's Motion pending the Second Circuit's decision on petitioner's appeal, and petitioner having requested that the Court be recused from the case by letter dated April 23, 2007, and the Second Circuit having dismissed petitioner's appeal on February 26, 2008, and respondents having filed a Response to petitioner's Motion on August 4, 2008, and

**WHEREAS**, after petitioner filed his Rule 60(b) Motion, the Second Circuit dismissed petitioner's appeal on the grounds that the appeal "lacks an arguable basis in law or fact," and

**WHEREAS** petitioner's 2005 Complaint asserts claims that are identical to the claims asserted in his 2000 Complaint and involve the same parties, and are therefore barred by the doctrine of <u>res judicata</u>, and

**WHEREAS** petitioner's 2005 Complaint asserts new federal claims against respondents under 42 U.S.C. § 1985 for conspiring to deprive petitioner of the "equal protection of the law and due process of law," as well as under 42 U.S.C. § 1986 for neglecting to prevent "the wrongs conspired to be done, as set forth above with respect to 42 U.S.C. § 1985," and

**WHEREAS** the law is clear that "officials of a single governmental entity, acting in their official capacities, cannot conspire among themselves or with the entity within the meaning of § 1985," <u>see McEvoy v. Spencer</u>, 49 F. Supp. 2d 224, 226 (S.D.N.Y. 1999)(citing <u>Sharpe v. Long</u>, 842 F. Supp. 197, 201 (D.S.C. 1992)), and

2

**WHEREAS** petitioner cannot maintain a § 1986 claim without a viable § 1985 claim, see <u>Koch v. Mirza</u>, 869 F. Supp. 1031 (W.D.N.Y. 1994)(citing <u>Hahn v. Sargent</u>, 523 F.2d 461, 469-70 (1st Cir. 1975)), and

**WHEREAS**, having disposed of all federal claims, the Court declines to exercise supplemental jurisdiction over petitioner's state law claims, and

**WHEREAS** petitioner requests that Judge Sprizzo recuse himself from the case on the grounds that the Court wrongfully "redirected" his 2005 Complaint to Judge Sprizzo and "there is nothing in the rules that sanctions such actions," and

**WHEREAS** petitioner fails to suggest that the Court's "impartiality might reasonably be questioned," see 28 U.S.C. § 455(a), that Judge Sprizzo has a "personal bias or prejudice," see 28 U.S.C. § 144, or that "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal," see <u>U.S. v. Lovaglia</u>, 954 F.2d 811, 815 (2d Cir. 1992), it is

**ORDERED** that petitioner's Rule 60(b) Motion shall be and hereby is denied; and it is further

**ORDERED** that petitioner's Motion to reopen the 2005 Action shall be and hereby is denied; and it is further

**ORDERED** that petitioner's Motion for Recusal shall be and hereby is denied.

DATED:    New York, New York
          September **30**, 2008

                                        _John E. Sprizzo_
                                        John E. Sprizzo
                                   United States District Judge

UNITED STATES DISTRICT COURT
CHAMBERS OF
JOHN E. SPRIZZO
UNITED STATES COURTHOUSE
NEW YORK, NY 10007

OFFICIAL BUSINESS



U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

UNITED STATES POSTAGE

$ 00.42⁰
PITNEY BOWES

02 1A
000463268 7
MAILED FROM ZIP CODE

00-9260

Yashua Amen Shehem'El-Bey
244 Fifth Ave
Suite 200
New York, New York  10001















# EXHIBIT R

| CORRECTION DEPARTMENT CITY OF NEW YORK | FORM # 7504R REV. 5/27/94 | REFERENCE: DIRECTIVE #7504R "SUSPENSION FROM DUTY AND / O PLACEMENT ON MODIFIED ASSIGN |
|---|---|---|

## NOTICE OF SUMMARY SUSPENSION FROM DUTY

### SECTION "A" - EMPLOYEE INFORMATION

| LAST NAME | FIRST NAME | RANK |
|---|---|---|
| El Bey AKA Mercer | Yashua AKA James | C.O. |

| SHIELD # | SOCIAL SECURITY # | COMMAND |
|---|---|---|
| 6103 | 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 | ARDC |

### SECTION "B" - REASON FOR SUSPENSION

DATE OF ALLEGED VIOLATION(S) 12 / 01 / 93

DESCRIPTION:

    Subject member supplied DOC with tax forms which contained false information.

### SECTION "C" - AUTHORIZATION

| | DATE SUSPENSION EFFEC |
|---|---|
| SUSPENSION REQUESTED BY Michael Caruso, Inspector General ~lyc~ | 6 /14 /99 |
| SUSPENSION AUTHORIZED BY William Fraser, Chief of the Department | TIME SUSPENSION EFFEC 0900 HOUR |

### SECTION "D" - SERVICE OF NOTICE

| SERVICE EFFECTED BY | DATE | TIME |
|---|---|---|
| T. Brymr, COI, OIG | 6 /14 /99 | 0921 HOU |

### SECTION "E" - RECEIPT / NOTICE OF APPEAL

THIS SUSPENSION WILL BE AUTOMATICALLY REVIEWED BY THE SUMMARY SUSPENSION REVIEW COMMITTEE. YOU MAY SUBMIT A WRITTEN APPEAL TO THE COMMITTEE AT ANY TIME DURING THE SUSPENSION PERIOD, BY WRITING TO THE SUMMARY SUSPENSION REVIEW COMMITTEE, C/O DIRECTOR, E.E.O., AT 60 HUDSON STREET, NEW YORK, N.Y. 10013. SEE DIRECTIVE #7504R ANY CHANGES OR MODIFICATIONS OF THIS SUSPENSION WILL BE TRANSMITTED TO YOU BY YOUR COMMANDING OFFICER.

THIS IS TO VERIFY THAT I HAVE BEEN SERVED WITH THIS NOTICE OF SUMMARY SUSPENSION FROM DUTY WITHOUT PAY.



| EFFECTIVE DATE 6/20/94 | SUBJECT |
|---|---|
| CLASSIFICATION #7504R | SUSPENSION FROM DUTY AND/OR PLACEMENT ON MODIFIED ASSIGNMENT |
| DISTRIBUTION A | PAGE 4 OF 11 PAGES |

## IV.  PROCEDURE (cont.)

    e.  Weekly evaluation of the status and performances of members assigned to modified assignments.

        NOTE:  Members who are defendants in criminal actions shall not appear in court for such cases while on duty.  Such appearances shall be made on pass days or with leave upon request, charged to member's vacation or other accrued time.  Other vacation or authorized leave shall only be granted to a member on modified assignment if there is no conflict with appearance at criminal or disciplinary proceedings.



D.  PROCEDURE FOR EMPLOYEE ON SUSPENSION

1.  A suspended employee remains an employee of the Department and shall comply with the following:

    a.  Prompt surrender of all Department property to the supervisor notifying employee of said suspension;

    b.  Members of the department shall also surrender all handguns owned or possessed by him or her to the supervisor notifying the member of the suspension;

    c.  If notice of suspension is received by other than in person, the employee shall report without delay to his/her assignment at the time of notification and surrender identification, shield, handguns and all other property, as applicable, to the ranking supervisor on duty at the assignment;

    d.  EACH WEDNESDAY following the date of suspension, between 1000 hours and 1600 hours, the suspended employee shall make a telephone notification to the Commanding Officer of his/her Facility/Division (or a supervisory designee) and verify his/her address of residence and telephone number.  The suspended employee's command shall maintain a log of all such Wednesday notifications made by suspended employees containing the following information:



| EFFECTIVE DATE 6/20/94 | SUBJECT SUSPENSION FROM DUTY AND/OR PLACEMENT ON MODIFIED ASSIGNMENT | |
|---|---|---|
| CLASSIFICATION #7504R | | |
| DISTRIBUTION A | | PAGE 5 OF 11 PAGES |



## IV.  PROCEDURE (cont.)

    i.   Date and time of telephone call;

    ii.   Employee's name and shield number;

    iii.   Date of employee's suspension;

    iv.   Employee's address/telephone number of residence;

    v.   Name, title and shield number of supervisor accepting and recording such notification.

The supervisor accepting such notification from a suspended employee shall inform the suspended employee that any change in status regarding revocation of suspension will be directed to that employee's residence, either by telephone or by mail;

e.   Comply with all lawful orders and directives of supervisors of the Department.

f.   After a summary suspension for ten (10) days or more, the suspended member may submit a written request to the Chief of Department to be restored to duty or to be placed on modified assignment;

g.   The employee may submit an appeal of the suspension at any time during the suspension period; however, the employee is advised to submit the appeal as soon as possible following the suspension. Appeals are to be submitted to the Summary Suspension Review Committee, c/o the Director for Equal Employment Opportunity, 60 Hudson Street, New York, NY 10013.

## E.  SUPERVISOR EFFECTING SUSPENSION

1.   A supervisor effecting the suspension of an employee shall be responsible for the following:

    a.   Notification to employee that he/she is being suspended from duty and the reason for such action;















# EXHIBIT S

'33 Rev. 3-70

| **CHARGES AND SPECIFICATIONS** | **DEPARTMENT OF CORRECTION** **CITY OF NEW YORK** | **DATE** |
|---|---|---|
| No. 676/98 | | 6/12/98 |

To:      COMMISSIONER of CORRECTION
          (Through Official Channels)

I Hereby Charge        C.O. Yashua A.S. El Bey (aka James Mercer) #6103        of        Bronx H.D.M.

with        Violations of Rules and Regulations

## SPECIFICATIONS

In that - XXX

1. Said officer, did engage in conduct unbecoming an officer and of a nature to bring discredit upon the Department in that on or about December 1, 1993, he did willfully submit to the Department a Certificate of Exemption from Withholding in lieu of a Department of the Treasury Internal Revenue Service Employee's Withholding Allowance Certificate (IRS Form W-4) containing false/fraudulent information wherein he falsely claimed that he was exempt from all federal income tax withholdings. Thereby, said officer did criminally violate United States Tax statutes.

   26 U.S.C. 7205
   Rule 3.20.010, Rule 3.20.030, Rule 3.20.300

2. Said officer, did engage in conduct unbecoming an officer and of a nature to bring discredit upon the Department in that he did offer to the Department for filing, written instruments which he knew to be false or which contained a false statement or false information, with the knowledge or belief that these instruments would be filed by the Department. Said officer thereby violated New York State Penal Law.

   N.Y.S. Penal Law, Article 175, sect.175.30
   Rule 3.20.010, Rule 3.20.030, Rule 3.20.300

3. Said officer, has engaged in ongoing conduct unbecoming an officer and of a nature to bring discredit upon the Department and which is inimical to his status as a New York City Correction Officer and a Public Officer in the State of New York in that, from on or about December 1, 1993, to the present, he has submitted to the Department written instruments, documents, statements, forms and attachments thereto, wherein he disclaims United States Citizenship and wherein he adopts or espouses statements which violate/disclaim his oath of office to support the Constitution of the United States and the Constitution of the State of New York and thereby the laws thereunder.

   Rule 3.20.010, Rule 3.20.030, Rule 3.20.300

Carl DiCarlo
Carl DiCarlo
Assistant Commissioner
Office of Trials & Litigation

Exhibit D

## DEPARTMENT OF CORRECTION
## CITY OF NEW YORK

6/12/98 (#676/98)

............ (Date)

Facility Head

....................................

....................................

### CHARGES, SPECIFICATIONS
### NOTICE OF PLEADING AND HEARING

The charges and specifications set forth herein are mitted to you for service upon the member of the partment concerned.

*Carl DiCarlo*

**Carl DiCarlo**
*Assistant Commissioner*

---

## NOTICE OF PLEADING AND HEARING

C.O. Yashua A.S. El Bey #6103
(aka James Mercer)

TO: .......................................................

TAKE NOTICE that charges have been preferred against you to the Commissioner of Correction, City of New York, and that these charges, with specifications thereof, are as herein set forth. You are entitled to have legal counsel at all stages of this proceeding. Any attorney who represents you must file a notice of appearance with the Office of Administrative Trials and Hearings located at 40 Rector Street, New York, N.Y. 10006.

You have the right to file an answer to these charges within eight days of service to the undersigned, who has been designated as the Commissioner of the Trial Division by direction of the Commissioner of Correction at 60 Hudson Street, New York, N.Y. 10013.

The Office of Administrative Trials and Hearings (OATH) has rules of practice and procedure which are published in Title 48 of the Rules of the City of New York. Copies of OATH's rules are available at the address listed above.

Your legal rights regarding these charges may be covered under Section 75 of the New York State Civil Service Law.

*Carl DiCarlo*

..........................................
**Carl DiCarlo**
*Assistant Commissioner, Trial Division*

---

## ACKNOWLEDGMENT OF SERVICE

I acknowledge personal service on me of the within charges, specifications, notice of pleading this

................ day of ................

19......

at ................ A.M. ................ P.M.

Signed: _____

_____
(Title)

Witness: _____

_____
(Title)

E.Li.T 1



THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION
60 HUDSON STREET
NEW YORK, N.Y. 10013

El-Bey Yashu
150 W. 136th St apt 2
New York, NY 10030

100030/26233

Exhibit I















# EXHIBIT T

TRIALS-NYC DEPT OF COR TEL:2122661433          Apr 25'00   7:43 No.001 P.02



NEW YORK CITY DEPARTMENT OF CORRECTION
Bernard B. Kerik, Commissioner

Office of the Commissioner

60 Hudson Street
New York, NY 10013
212 • 266 • 1212
Fax 212 • 266 • 1219

**YASHUA EL-BEY**
**Correction Officer**
**150 West 136th Street, #2**
**New York, New York 10030**

RE: Dismissal - **DR Nos. 828/96,   13/97,**
**482/97, 676/98**

Dear Officer EL-BEY:

After a complete review of the record and the report and recommendation of the Honorable Dierdra Tompkins, Administrative Law Judge, duly designated to conduct a disciplinary hearing on the charges and specifications dated December 1, 1993, December 6, 1993, January 1, 1996 – December 31, 1996, November 25, 1996, June 8, 1996 and January 1, 1997 – May 2, 1997, I find you guilty as reflected in the report and recommendation.   A copy of the report and recommendation is enclosed.

The sanction imposed upon is:

**DISMISSAL FROM THE DEPARTMENT OF CORRECTION EFFECTIVE FORTHWITH.**

Under the provision of Section 76 of the Civil Service Law, you are entitled to appeal from this determination by application either to the Civil Service Commission or to a court in accordance with the provisions of Article 78 of the Civil Practice Law and Rules.  If you elect to appeal to the Commission such appeal must be filed in writing within twenty (20) days of receipt of this determination.  A decision of the Commission is final and conclusive.

Sincerely,

**BERNARD B. KERIK**

c: Office of Administrative Trials and Hearings

Served: *Refuse to Sign*
*Denise M. Neill Capt/by*
*DENISE McNEILL*
*Served by Capt. McNeill on 4/27/00*

**THE CITY OF NEW YORK**
**DEPARTMENT OF CORRECTION**

**Findings and Recommendations of**
**Charges and Specifications**

**AGAINST**

File No.  OATH Index # 704/00

Case No.  DR # 828/96, 13/97, 482/97, 676/98

| Book No. | Page |
|---|---|

| Correction Officer | Yashua El-Bey, a/k/a James Mercer | 6103 | ARDC | 7/13/83 |
|---|---|---|---|---|

-By-

| Attorney | Jack W. Lindon | | Trials & Litigation |
|---|---|---|---|

| various | 2/8/00 | | 2/8/00 |
|---|---|---|---|

**ADJOURNMENTS**

**EXAMINED BY:**   Judge Dierdra Tompkins

**CHARGES**

Directives: 2258R, 2262
Rules: 3.05.100 (Old Rule 3.05.060), 3.05.120 (Old Rule 3.05.080), 3.05.090 (Old), 3.20.010 (Old Rule 3.15.010), 3.20.030 (Old Rule 3.15.030), 3.20.300 (Old Rule 3.15.250), 3.55.020, 3.55.030, 4.30.020

**FINDINGS AND RECOMMENDATIONS**

DATE:   3/14/00

**ON CHARGES**
Dir. 2258R-Guilty
Dir 2262-Guilty
R 3.05.100 (3.05.060)-Guilty
R 3.05.120 (3.05.080)-Guilty
R 3.05.090-Guilty
R 3.20.010 (3.15.010)-Guilty
R 3.20.030 (3.15.030)-Guilty
R 3.20.300 (3.15.250)-Guilty
R 3.55.020-Guilty
R 3.55.030-Guilty
R 4.30.020-Guilty

**SPECIFICATIONS**

DR No. 828/96

1. Said Officer, on or about June 8, 1996 at approximately 2025 hours, while designated chronic absent category "B" and while on sick leave status, was out of his residence without permission or authority when an absence control visit was conducted by Captain R. Fiorella.
Directive 2262; Rule 3.05.060

2. Said Officer, on or about June 8, 1996 at approximately 2025 hours, while designated chronic absent category "B" and while on leave sick status, failed to log out/in with the Health Management Division as required.
Directive 2262

3. Said Officer, on or about June 10, 1996, engaged in conduct unbecoming and of a nature to bring discredit to the Department in that he failed to obey a lawful written order to report to the Health Management Division with his shield, ID card and his personal protection firearm without permission and attempted to turn his personal protection firearms in to the New York City Police Department – 32nd Precinct.
Rule 3.15.010; Rule 3.15.030; Rule 3.15.090; Rule 3.15.250

**ON SPECIFICATIONS**

Guilty

Guilty

Guilty

TRIALS-NYC DEPT OF COR TEL:2122661433          Apr 25'00   7:44 No.C01 P.05

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

Findings and Recommendations of
Charges and Specifications

AGAINST

| | | File No. OATH Index # 704/00 |
|---|---|---|
| | | Case No. DR # 828/96, 13/97, 482/97, 676/98 |
| | | Book No. | Page |

| Correction Officer | Yeshua El-Bey, a/k/a James Mercer | 6103 | ARDC | 7/13/83 |
|---|---|---|---|---|
| Badge No. | Name | Shield # | Location | Dist. Appointed |

-By-

| Attorney | Jack W. Landon | | Trials & Litigation |
|---|---|---|---|
| Rank or Title | Unit | | Command |

| various | 2/8/00 | | 2/8/00 |
|---|---|---|---|
| No. of Charges | Date commenced | | Date concluded |

**ADJOURNMENTS**

EXAMINED BY:        Judge Dierdra Tompkins

**DR No. 676/98**

1. Said Officer, did engage in conduct unbecoming an officer and of a nature to bring discredit upon the Department in that on or about December 6, 1993, he did wilfully submit to the Department a Certificate of Exemption from Withholding in lieu of a Department of the Treasury Internal Revenue Service Employee's Withholding Allowance Certificate (IRS Form W-4) containing false/fraudulent information wherein he falsely claimed that he was exempt from all federal income tax withholding. Thereby, said Officer did criminally violate United States Tax statutes. Rule 3.15.010 (Revised Rule 3.20.010); Rule 3.15.030 (Revised Rule 3.20.030); Rule 3.15.250 (Revised Rule 3.20.300)          **Guilty**

2. Said Officer did engage in conduct unbecoming an officer and of a nature to bring discredit upon the Department in that he did offer to the Department for filing written instruments which he knew to be false or which contained a false statement or false information, with the knowledge or belief that these instruments would be filed by the Department. Said Officer thereby violated New York State Penal Law. Rule 3.15.010 (Revised Rule 3.20.010); Rule 3.15.030 (Revised Rule 3.20.030); Rule 3.15.250 (Revised Rule 3.20.300)          **Guilty**

3. Said Officer has engaged in ongoing conduct unbecoming an officer and of a nature to bring discredit upon the Department and which is inimical to his status as a New York City Correction Officer and a Public Officer in the State of New York in that, from on or about December 1, 1993 to the present, he has submitted to the Department written instruments, documents, statements, forms and attachments thereto, wherein he disclaims United States citizenship and wherein he adopts or espouses statements which violate/disclaim his oath of office to support the Constitution of the United States and the Constitution of the State of New York and thereby the laws thereunder. Rule 3.15.010 (Revised Rule 3.20.010); Rule 3.15.030 (Revised Rule 3.20.030); Rule 3.15.250 (Revised Rule 3.20.300)          **Not Guilty**

**DISPOSITION**

Not Guilty as to Specification 3 of DR 676/98.
Guilty on all other charges and specifications.
Penalty is termination.

DEPUTY COMMISSIONER

**ACTION OF THE COMMISSIONER**

4-18-00

DATE

COMMISSIONER OF CORRECTION

TRIALS-NYC DEPT OF COR TEL:2122661433        Apr 25'00   7:44 No.001 P.04

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

Findings and Recommendations of
Charges and Specifications

AGAINST

| | | | | | |
|---|---|---|---|---|---|
| | | | | File No. | OATH Index # 704/00 |
| | | | | Case No. DR # 828/96, 13/97, 482/97, 676/98 | |
| | | | | Book No. | Page |
| Correction Officer | Yushua El-Bey a/k/a James Mercer | | 6103 | ARDC | 7/13/83 |

-By-

| | | | | |
|---|---|---|---|---|
| Attorney | Jack W. London | | | Trials & Litigation |

| | | | |
|---|---|---|---|
| various | 2/8/00 | | 2/8/00 |

**ADJOURNMENTS**

_____

_____     EXAMINED BY:     Judge Dierdra Tompkins

_____

---

**DR No. 13/97**

1. Said Officer, on or about November 25, 1996, while on sick leave status, was out of his residence without permission or authority in that he was observed present at an OATH hearing wherein he was not ordered or otherwise required to attend as either a witness or a respondent.
   Directive 2262; Rule 3.05.100         **Guilty**

2. Said Officer, on or about November 25, 1996, while on sick leave status, tendered a false and/or misleading statement in that he logged out without permission or authority to an OATH hearing wherein he was not a witness or a respondent.
   Directive 2262; Rule 4.30.020         **Guilty**

3. Said Officer, on or about November 25, 1996, while on sick leave status, represented and/or appeared on behalf of "private interests" in matters involving the New York City Department of Correction in violation of departmental rules and regulations.
   Rule 3.55.020; Rule 3.55.030         **Guilty**

4. Said Officer, on or about November 25, 1996 at approximately 1230 hours, while on sick leave status, was out of his residence without permission or authority when an absence control visit was conducted by Capt. Sal Macchia.
   Directive 2262; Rule 3.05.100         **Guilty**

---

**DR No. 482/97**

1. Said Officer, from on or about January 1, 1996 through on or about December 31, 1996, failed to efficiently perform his duties in that he has demonstrated a pattern of excessive absences and being unable to perform the full range of duties of his position as a correction officer by reporting sick on a number of occasions for about two hundred two (202) days absent. Said Officer failed to provide documentation for all absences as required.
   Directive 2258R; Directive 2262; Rule 3.05.080 (Revised Rule 3.05.120); Rule 3.15.030 (Revised Rule 3.20.030); Rule 3.15.250 (Revised Rule 3.20.300)         **Guilty**

2. Said Officer, from on or about January 1, 1997 through on or about May 2, 1997, failed to efficiently perform his duties in that he has demonstrated a pattern of excessive absences and being unable to perform the full range of duties of his position as a correction officer by reporting sick on a number of occasions for in excess of eighty (80) days absent. Said Officer failed to provide documentation for all absences as required.
   Directive 2258R; Directive 2262; Rule 3.05.120; Rule 3.20.030; Rule 3.20.300         **Guilty**