USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 3 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yashua Amen Shekhem El Bey,

    Plaintiff,

—v—

City of New York, et al.,

    Defendants.

13-CV-8927 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On October 31, 2014, the Court granted Defendants' motion to dismiss Plaintiff Yashua Amen Shekhem El Bey's Complaint, but denied the Defendants' motion for a filing injunction enjoining Plaintiff from bringing any further actions challenging his April 17, 2000 termination without first obtaining leave of the Court. Dkt. No. 56. At that time, however, the Court warned Plaintiff that "any further filings relating to his 2000 termination would be frivolous and may result in sanctions, including, but not limited to, a filing injunction." Dkt. No. 56 at 1. Despite this warning, on November 20, 2014, Plaintiff filed a motion for relief from the Court's October 31, 2014 Order pursuant to Federal Rule of Civil Procedure 60(b)(3)-(4) and (6); on May 7, 2015, Plaintiff filed a motion to strike the notice of appearance of defense counsel; and on May 27, 2015, Plaintiff filed a motion for sanctions. For the reasons discussed below, Plaintiff's motion is DENIED and the Court will issue a filing injunction.

## I.    BACKGROUND

    The background of this case is fully set forth in the Court's Memorandum and Order dated October 31, 2014, Dkt. No. 56. The Court assumes familiarity with this material.

## II.    DISCUSSION

    First, Plaintiff's motion for relief from the Court's October 31, 2014 Order is, in effect, a motion for reconsideration. It is well settled that "the standard for granting such a motion is

strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The vast majority of Plaintiff's motion re-raises arguments that he has repeatedly raised in the past, including arguments that the Court already addressed in its Memorandum and Order dated October 31, 2014. Moreover, Plaintiff does not point to any controlling decisions or data that the Court overlooked in its earlier decision. For example, Plaintiff repeatedly contends that the Court overlooked the "fact" that Judge Sprizzo "hijacked" his earlier action by treating it as a Rule 60(b) motion. *See* Dkt. No. 63 at 3, Dkt. No. 64 at 7. Far from overlooking this "fact," the Court was well aware of Plaintiff's contention, but the Court did not discuss it because it was irrelevant to deciding whether Plaintiff's present cause of action should be dismissed. Therefore, because Plaintiff fails to point to any controlling decisions or data that the Court overlooked in its earlier decision, there is no basis to grant a motion for reconsideration.

Moreover, Plaintiff offers no other support for a motion pursuant to Rules 60(b)(3)-(4) or (6). The only new allegation in his most recent filing is his contention that the undersigned "demonstrated bias and prejudice" in its decision and "acted in a manner inconsistent with the due process of law to protect its own colleagues," Dkt. No. 63 at 1, and that "[t]his Court has incorrectly entered it's final vexatious Wicca decision on Halloween day," Dkt. No. 64 at 6. Plaintiff similarly requests "to proceed before an impartial Article III United States Judge, as the impartiality of Judge Nathan in this matter is highly questioned." Dkt. No. 62 at 2. Aside from pointing out that he disagrees with the Court's decision, Plaintiff's assertion of bias is frivolous. In short, there is no basis to grant his Rule 60(b) motion.

Second, the Court concludes that a filing injunction is now warranted. As noted in the Court's earlier Memorandum and Order, "[w]ith respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous

complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994); 28 U.S.C. § 1651(a). Such limitations have taken the form of injunctions requiring a plaintiff to obtain the leave of court for any future filings. *Id.* (citing *In re Burnley*, 988 F.2d 1 (4th Cir. 1992); *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991)). The Second Circuit has advised district courts,

> in determining whether or not to restrict a litigant's future access to the courts, [to] consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately," the Second Circuit summarized, "the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

Applying the *Safir* factors, the Court concludes that Plaintiff's conduct in this action and the numerous other actions he has filed since the late nineties demonstrate a clear pattern of abusing the litigation process and a likelihood of continued abuse of that process. The present action represents at least the tenth proceeding in which Plaintiff has attempted to litigate issues stemming from the Department of Corrections' employment actions leading up to and including his termination in 2000. *See* Dkt. No. 56 at 2. In each proceeding, including this one, Plaintiff filed multiple frivolous motions, motions for reconsideration, and extraneous filings that burdened the Court and his adversaries. Plaintiff cannot have a good faith expectation of prevailing on any of his underlying claims given the number of times they have been addressed; indeed, the Court just recently delineated all the various reasons why his claims are meritless, which often required repeating explanations and admonitions he received from previous judges. Plaintiff has also caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel. Finally, it is not apparent that anything short of a filing

injunction will protect the courts and other parties given that several judges, including the undersigned, have detailed precisely why Plaintiff's claims are barred, meritless, or otherwise unavailing and yet he continues to raise them.

In addition, "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). Plaintiff was provided with notice and an opportunity to be heard when Defendants first moved for a filing injunction in this action. As noted, the Court denied the motion, but warned Plaintiff that any future filings relating to his 2000 termination would be frivolous and may result in sanctions. Notwithstanding this warning, Plaintiff filed the present motion for reconsideration, which seeks to relitigate issues the Court decided in its prior Memorandum and Order, and followed that motion with improper motions to strike the notice of appearance of defense counsel and for sanctions against defense counsel. Thus, the Court concludes that Plaintiff has had sufficient notice and opportunity to be heard on the issue of a filing injunction.

Therefore, applying *Safir* and *Moates*, the Court concludes that a filing injunction is warranted. The Court recognizes that a filing injunction should not be overly broad. *See Safir*, 792 F.2d at 25 (holding that an injunction that precludes a plaintiff "from instituting any action whatsoever, is overly broad"); *see also Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003). Therefore, the Court hereby issues a filing injunction barring Plaintiff from submitting any new filings or commencing any new actions in the Southern District of New York without leave of court that relate to the Department of Corrections' employment actions beginning in 1997 and continuing through to his termination in 2000.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion is DENIED.

IT IS FURTHER ORDERED that Plaintiff is enjoined from submitting any new filings or commencing any new actions in the Southern District of New York without leave of court that

relate to the Department of Corrections' employment actions beginning in 1997 and continuing through to his termination in 2000.

The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This resolves Dkt. Nos. 62, 76, and 79. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: June 3, 2015
New York, New York

ALISON J. NATHAN
United States District Judge